IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

OCT 5 2005

MICHAEL N. MILBY, CLERK OF COURT

| | |
|---|---|
| ANTHONY CARDELL HAYNES, § | |
| § | |
| Petitioner, § | |
| § | MISCELLANEOUS NO. H-04-319 |
| -VS- § | Judge Sim Lake |
| § | |
| DOUG DRETKE, Director, Texas § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | **H-05-3424** |
| § | |
| Respondent. § | |

# PETITION FOR WRIT OF HABEAS CORPUS

## VOLUME I
## PAGES 1-149

A. RICHARD ELLIS
Texas Bar No. 06560400

75 Magee Avenue
Mill Valley, CA 94941
(415) 389-6771
(415) 389-0251 (FAX)

Attorney for Petitioner

## TABLE OF CONTENTS

Table of Contents...................................................................................................i

Table of Authorities..............................................................................................v

PETITION FOR WRIT OF HABEAS CORPUS.............................................1

I. JURISDICTION AND PROCEDURAL HISTORY.....................................2

II. FACTUAL BACKGROUND.........................................................................4

III. MEANING AND STANDARD OF REVIEW UNDER THE AEDPA.................56

IV. CLAIMS FOR RELIEF

CLAIM I: PETITIONER'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL THROUGHOUT THE COURSE OF PETITIONER'S TRIAL...................................................................................................................85

CLAIM II: PETITIONER WAS DEPRIVED OF HIS RIGHT TO A FAIR TRIAL BECAUSE THE PROSECUTION USED RACIALLY-MOTIVATED PEREMPTORY CHALLENGES TO EXCLUDE AFRICAN-AMERICANS FROM HIS JURY. ..................................................................................................................................219

CLAIM III: PETITIONER IS ACTUALLY INNOCENT OF CAPITAL MURDER BECAUSE THE RECORD FAILS TO SHOW THAT THE VICTIM WAS ACTING IN HIS OFFICIAL DUTY AS A POLICE OFFICER AT THE TIME OF HIS SHOOTING. .................................................................................................243

CLAIM IV: TRIAL COUNSEL'S DEFICIENT PERFORMANCE IN NOT PRESENTING A VIABLE DEFENSE SHOWING PETITIONER'S ACTUAL INNOCENCE AS A RESULT OF HIS DRUG USE AT THE TIME OF THE CRIME CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL AND DEPRIVED PETITIONER OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION..........................248

CLAIM V: PETITIONER WAS DEPRIVED OF HIS RIGHTS UNDER THE FIFTH

AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
WHEN THE JUDGE WHO RULED ON HIS *BATSON* MOTION WAS NOT THE
JUDGE WHO WAS PRESENT DURING THE *VOIR DIRE*. ...................................257

CLAIM VI:  MR. HAYNES WAS DENIED A FAIR TRIAL AND DUE PROCESS OF
LAW BY THE MISCONDUCT OF THE PROSECUTOR.......................................263

CLAIM VII:  THE  TRIAL  COURT  ERRED  IN  FAILING  TO  GRANT
PETITIONER'S MOTION TO SUPPRESS HIS AUDIOTAPED STATEMENTS AS
THEY VIOLATED HIS RIGHTS UNDER THE FOURTH AND FOURTEENTH
AMENDMENTS OF THE UNITED STATES CONSTITUTION...........................273

CLAIM  VIII:  THE  TRIAL  COURT  ERRED  IN  FAILING  TO  GRANT
PETITIONER'S MOTION TO SUPPRESS HIS AUDIOTAPED STATEMENTS AS
THEY WERE COERCED AND VIOLATED HIS RIGHTS UNDER THE FIFTH AND
FOURTEENTH  AMENDMENTS  TO  THE  UNITED  STATES
CONSTITUTION.............................................................................................286

CLAIM IX:  THE TRIAL COURT ERRED IN OVERRULING PETITIONER'S
MOTION TO STRIKE VENIREMEN MELBA WILLIAMS, JOHN MUNOZ,
JACQUELINE NELSON AND HORACE SNYDER, VIOLATING HIS RIGHTS
UNDER THE SIXTH AND FOURTEENTH AMENDMENTS...................................289

CLAIM  X:  MR. HAYNES  WAS DENIED MEANINGFUL ACCESS TO THE
COURTS AND DUE PROCESS OF LAW IN STATE POST-CONVICTION
PROCEEDINGS BY HIS COUNSEL'S FAILURE TO ARGUE THE THEORY OF
SELF-DEFENSE IN HIS STATE HABEAS APPLICATION...................................297

CLAIM XI:  ARTICLE 37.071(e) & (g)'S PROHIBITION AGAINST INFORMING
JURORS THAT A SINGLE HOLDOUT JUROR WILL CAUSE THE IMPOSITION
OF A LIFE SENTENCE VIOLATED MR. HAYNES'S RIGHTS UNDER THE
EIGHTH  AND  FOURTEENTH  AMENDMENTS  TO  THE  UNITED  STATES
CONSTITUTION. ..........................................................................................318

CLAIM XII:  LETHAL INJECTION – AS IT IS CURRENTLY ADMINISTERED IN
TEXAS –  PRODUCES UNNECESSARY PAIN, TORTURE, AND LINGERING
DEATH, AND VIOLATES THE EIGHTH AMENDMENT...................................331

CLAIM  XIII:   THE  SECOND  SPECIAL  ISSUE   IS  UNCONSTITUTIONAL
BECAUSE IT OMITS A BURDEN OF PROOF AND MAKES IMPOSSIBLE ANY

MEANINGFUL APPELLATE REVIEW OF THE JURY'S DETERMINATION..................................................................347

**CLAIM XIV**: THE TRIAL COURT ERRED IN DENYING PETITIONER'S MOTION RELATING TO INFORMING THE JURY THAT THE FAILURE TO ANSWER A SPECIAL ISSUE WOULD RESULT IN A LIFE SENTENCE, IN VIOLATION OF PETITIONER'S RIGHTS AS PROTECTED BY THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION..................................................362

**CLAIM XV**: PETITIONER WAS DENIED HIS FEDERAL CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW, AS THE EVIDENCE SUPPORTING SPECIAL ISSUE NUMBER ONE WAS INSUFFICIENT. ..........................................................................................................366

**CLAIM XVI**: THE TRIAL COURT ERRED IN DENYING PETITIONER'S MOTION FOR A NEW TRIAL AFTER VIOLATING HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL....................................................................368

**CLAIM XVII**: THE ADMISSION OF VICTIM IMPACT EVIDENCE AT THE PUNISHMENT PHASE OF PETITIONER'S TRIAL DEPRIVED HIM OF A FAIR TRIAL UNDER THE EIGHTH AMENDMENT.....................................373

**CLAIM XVIII**: PETITIONER LACKED VOLITIONAL CAPACITY AT THE TIME OF THE CRIME AND HIS SENTENCE VIOLATES THE EIGHTH AMENDMENT AND *ATKINS V. VIRGINIA*.......................................................382

**CLAIM XIX**: THE DEATH PENALTY, AT LEAST AS PRESENTLY ADMINISTERED IN TEXAS, IS CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION..................................................................428

**CLAIM XX**: PETITIONER'S DEATH SENTENCE VIOLATES INTERNATIONAL LAW, WHICH IS BINDING ON THIS COURT, AS WELL AS THE EIGHTH AMENDMENT........................................................................434

**CLAIM XXI**: THE TRIAL COURT SHOWED PARTIALITY TO THE PROSECUTION AND THUS DEPRIVED PETITIONER OF HIS RIGHT TO A FAIR TRIAL.............................................................................................438

**CLAIM XXII**: THE STATE'S FAILURE TO DISCLOSE EVIDENCE FAVORABLE

**TO THE DEFENDANT UNDERMINES CONFIDENCE IN THE RELIABILITY OF THE VERDICT IN VIOLATION OF *BRADY v. MARYLAND* ..............................444**

**CLAIM XXIII:   THE CUMULATIVE EFFECT OF THE ERRORS AT MR. HAYNES'S TRIAL DENIED HIM OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT................................................................................................452**
**V.   CONCLUSION AND PRAYER FOR RELIEF...................................................455**

**VERIFICATION........................................................................................................458**

**CERTIFICATE OF SERVICE.................................................................................459**

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abu-Ali Abdur' Rahman v. Bell*, 226 F.3d 696 (6th Cir. 2000),
   *cert. granted on other grounds,* . . . . . . . . . . . . . . . . . . . . . . . 336, 337, 340

*Adams v. Texas*, 448 U.S. 38 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . 296, 326

*Adamson v. Ricketts*, 865 F.2d 1011 (9th Cir. 1988) . . . . . . . . . . . . . . . . 272

*Agee v. White*, 809 F.2d 1487 (11th Cir. 1987) . . . . . . . . . . . . . . . . . . . 281

*Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509 (1963) . . . . . . . . . . . . . . 278

*Amendment.See Ford v. Wainwright*, 477 U.S. 399 (1986) . . . . . . . . . . . . 425

*Amos v. Scott*, 61 F.3d 333 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 263

*Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967) . . . . . . . . . . . . . 87

*Anderson v. City of Bessemer City*, 470 U.S. 564 (1985) . . . . . . . . . . . . . . 262

*Andres v. United States*, 333 U.S. 740 (1948) . . . . . . . . . . . . . . . . . . . . 327

*Antwine v. Delo*, 54 F.3d 1357 (8th Cir. 1995) . . . . . . . . . . . . . . . . . . . 89, 95

*Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000) . . . . . . . . . . . . 248, 253, 367

*Arizona v. Fulminante*, 111 S. Ct. 1246 (1991) . . . . . . . . . . . . . . . . . . . 283

*Armstead v. Scott*, 37 F.3d 202 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . 263

*Atkins v. Virginia,* 536 U.S. 304 (2002) . . . . 383, 395-400, 413, 417, 435, 438

*Atley v. Ault*, 21 F.Supp2d 949 (S.D.Iowa 1998) . . . . . . . . . . . . . . . . . . . 84

*Austin v. United States*, 509 U.S. 602 (1993) . . . . . . . . . . . . . . . . . . . . . . . . 314

*Avery v. Alabama*, 308 U.S. 444 (1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

*Brady v. Maryland*, 373 U.S. 83 (1963) . . . . . . . . . . . . . . . . . . . 445, 447-449

*Baldwin v. Maggio*, 704 F.2d 1325 (5th Cir. 1983),
    *cert. denied*, 467 U.S. 1220 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92

*Banks v. Dretke*, 124 S. Ct. 1256 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 446

*Barber v. Johnson*, 145 F.3d 234 (5th Cir.),
    *cert. denied*, 119 S. Ct. 518 (1998) . . . . . . . . . . . . . . . . . . . . . . . . 285, 286

*Barclay v. Florida*, 463 U.S. 939 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . 107

*Barefoot v. Estelle*, 463 U.S. 880 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . 313

*Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986) . 220, 226, 228, 240

*Baxter v. Thomas*, 45 F.3d 1501 (11th Cir. 1995) . . . . . . . . . . . . . . . . . . . . 89

*Baylor v. Estelle*, 94 F.3d 1321 (9th Cir. 1996),
    *cert. denied*, 520 U.S. 1151, 117 S. Ct. 1329 (1997) . . . . . . . . . . . . . . . 82

*Beazley v. Johnson* (5th Cir. 2001) 242 F.3d 248 . . . . . . . . . . . . . . . . . . . . 436

*Beck v. Alabama*, 447 U.S. 625 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . 88, 324

*Becton v. Barnett*, 920 F.2d 1190 (4th Cir. 1990) . . . . . . . . . . . . . . . . . . . . 114

*Bell v. Watkins*, 692 F.2d 999 (5th Cir. 1982),
    *cert. denied sub nom Bell v. Thigpen*, 464 U.S. 843 (1983) . . . . . . . . . . 92

*Berber v. United States*, 295 U.S. 78 (1934) . . . . . . . . . . . . . . . . . . . . . . . . 272

*Blackmon v. Scott*, 22 F.3d 560 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . 449

*Blake v. Kemp*, 758 F.2d 523 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . 90, 94

*Blanco v. Singletary*, 943 F.2d 1477 (11th Cir. 1991),
    *cert. denied*, 504 U.S. 943 (1992 . . . . . . . . . . . . . . . . . . . . . . . . . . . 95, 96

*Blankenship v. Johnson*, 106 F.3d 1202 (5th Cir.),
    *superseded,* 118 F.3d 312 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . 81

*Bonin v. Vasquez*, 999 F.2d 425 (9th Cir. 1993). . . . . . . . . . . . . . . . . 305-307

*Booth v. Maryland*, 482 U.S. 496 (1987) . . . . . . . . . . . . . . . . . . . . . 375-380

*Bouchillon v. Collins*, 907 F.2d 589 (5th Cir. 1990) . . . . . . . . . . . 94, 97, 107

*Bounds v. Smith*, 430 U.S. 817 (1977) . . . . . . . . . . . . . . . . . . . . . . . 308, 309

*Boyde v. California*, 494 U.S. 370 (1990) . . . . . . . . . . . . . . . . . . . . . . . . 331

*Brasfield v. United States*, 272 U.S. 448 (1926) . . . . . . . . . . . . . . . . . . . 322

*Brecht v. Abrahamson*, 113 S. Ct. 1710 (1993) . . . . . . . . . . . . . . . . 283, 284

*Brewer v. Aiken*, 935 F.2d 850 (7th Cir. 1991) . . . . . . . . . . . . . . . . . 112-113

*Brock v. McCotter*, 781 F.2d 1152 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . 103

*Brooks v. Kemp*, 762 F.2d 1383 (11th Cir. 1985) . . . . . . . . . . . . . . . 272, 273

*Brown v. Illinois*, 422 U.S. 590, 95 S. Ct. 2254 (1975) . . . . . . . . . . . . . . 279

*Brunson v. Higgins*, 708 F.2d 1353 (3rd Cir. 1983) . . . . . . . . . . . . . . . . . 281

*Bryant v. Scott*, 28 F.3d 1411 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . 89, 253

*Bullington v. Missouri*, 451 U.S. 430 (1981) . . . . . . . . . . . . . . . . . . . . . 107

*Burley v. Cabana*, 818 F.2d 414 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . 254

*Burris v. Parke*, 948 F. Supp. 1310 (N.D. Ind. 1996),
    *aff'd*, 116 F.3d 256 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

*Cabana v. Bullock*, 106 S. Ct. 689 (1986) . . . . . . . . . . . . . . . . . . . . . . . 331

*Calderon v. Ashmus*, 118 S. Ct. 1694 (1998) . . . . . . . . . . . . . . . . . . . . . 298

*California v. Brown*, 479 U.S. 538 (1985) . . . . . . . . . . . . . . . . . . . . 320, 422

*Calley v. Callaway*, 519 F.2d 184 (5th Cir. 1975),

*cert. denied*, 425 U.S. 911 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 452

*Callins v. Collins*, 114 S. Ct. 1127 (1994) . . . . . . . . . . . . . . . . . 86, 431, 433

*Calton v. Utah*, 130 U.S. 83 (1889) . . . . . . . . . . . . . . . . . . . . . . . . . 330, 331

*Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998) . . . . . . . . . . . . . . . 317

*Carter v. Illinois*, 329 U.S. 173 (1946) . . . . . . . . . . . . . . . . . . . . . . . . . . 310

*Carter v. Johnson*, 131 F.3d 452 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . 261

*Case v. Nebraska*, 381 U.S. 336 (1965) . . . . . . . . . . . . . . . . . . . . . . 311-312

*Chambers v. Mississippi*, 410 U.S. 284 (1973) . . . . . . . . . . . . . . . . . . . . 253

*Chaney v. Heckler*, 718 F.2d 1174 (D.C. Cir. 1983),
    *overturned on other grounds*, *Heckler v. Chaney*, 470 U.S. 821 (1985) 333

*Chapman v. California*, 386 U.S. 18 (1967) . . . . . . . . . . . . . . . . . . . 283, 292

*Childress v. Johnson*, 103 F.3d 1221 (5th Cir. 1997) . . . . . . . . . . . . . . . . . 83

*Clemons v. Mississippi*, 494 U.S. 738 (1990) . . . . . . . . . . . . . . . . . . 349, 353

*Coker v. Georgia*, 433 U.S. 584 (1977) . . . . . . . . . . . . . . 394, 395, 413, 420

*Coleman v. Brown*, 802 F.2d 1227 (10th Cir. 1986) . . . . . . . . . . . . . . . . . 272

*Coleman v. Thompson*, 501 U.S. 722 (1991) . . . . . . . 304, 305, 307, 308, 313

*Collier v. Turpin*, 155 F.3d 1277 (11th Cir. 1998) . . . . . . . . . . . . . . . . . . 111

*Cook v. Lynaugh*, 821 F.2d 1072 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . 91

*Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) . . . . . . . . . . . . . . . . 219

*Coulter v. Gilmore*, 155 F.3d 912 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . 229

*Darden v. Wainwright*, 477 U.S. 168 (1986) . . . . . . . . . . . . . . 271, 273, 274

*Davis v. Johnson,* 8 F. Supp.2d 897, 907 (S.D. Tex. 1998) . . . . . . . . . . . 434

*Delgado v. Lewis*, 181 F.3d 1087 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . 67

*Derden v. McNeel*, 978 F.2d 1453 (5th Cir. 1992),
  *cert. denied*, 113 S. Ct. 2928 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 454

*Dickerson v. Vaughn*, 90 F.3d 87 (3rd Cir. 1996) . . . . . . . . . . . . . . . . . . . . 83

*Donnelly v. DeChristoforo*, 416 U.S. 637 (1974) . . . . . . . . . . . . . . . . 273, 274

*Dowling v. United States*, 493 U.S. 342 (1990) . . . . . . . . . . . . . . . . . . . . 455

*Drinkard v. Johnson*, 97 F.3d 751 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . 59

*Eddings v. Oklahoma*, 455 U.S. 104, 102 S. Ct. 869 (1982) . . . . . . . . . . . 92

*Edmund v. Florida*, 458 U.S. 782 (1982) . . . . . . 380, 394, 395, 413, 420, 422

*Eichel v. New York Central R.R.*, 375 U.S. 253 (1963) . . . . . . . . . . . . . . 382

*Emerson v. Gramley*, 91 F.3d 898 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . 113

*Enmund v. Florida*, 458 U.S. 782 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . 425

*Estelle v. Dorrough*, 420 U.S. 534 (1975) . . . . . . . . . . . . . . . . . 314, 316, 317

*Evitts v. Lucey*, 469 U.S. 387 (1985) . . . . . . . . . . . . . . . . . . . . . . . . 305, 310

*Ewing v. Williams*, 596 F.2d 391 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . 219

*Faretta v. California*, 422 U.S. 806 (1975) . . . . . . . . . . . . . . . . . . . . . . . . 444

*Felker v. Turpin*, 518 U.S. 651 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

*Felker v. Turpin*, 518 U.S. 651 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 306

*Fields v. Leapley*, 30 F.3d 986 (8th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . 285

*Fierro v. Gomez*, 77 F.3d 301 (9th Cir. 1996),
  *vacated on other grounds*, 519 U.S. 918 (1996) . . . . . . . . . . . . . . . . . . 332

*Fisher v. Texas*, 169 F.3d 295 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . 66, 81

*Florida v. Royer*, 460 U.S. 491, 103 S. Ct. 1319 (1983) . . . . . . . . . 278, 282

*Ford v. Lockhart*, 861 F. Supp. 1447 (E.D. Arkansas 1994) . . . . . . . . . . . . 94

*Foster v. Illinois*, 332 U.S. 134 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 310

*Foster v. Lockhart*, 9 F.3d 722 (8th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . 254

*Francis v. Franklin*, 471 U.S. 307 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 320

*Frank v. Mangum*, 237 U.S. 309 (1915) . . . . . . . . . . . . . . . . . . . . . . . . . . . 310

*Franklin v. Lynaugh*, 487 U.S. 164, 108 S. Ct. 2320 (1988) . . . . . . . . . . . . 92

*Frolova v. U.S.S.R.* (7th Cir. 1985) 761 F.2d 370 . . . . . . . . . . . . . . . . . . . 436

*Furman v. Georgia*, 408 U.S. 238 (1973) . . . . . . . . . . . . . . . . . . . . . . . 333, 380

*Furnco Const. Corp. v. Waters*, 438 U.S. 567 (1978) . . . . . . . . . . . . . . . . 242

*Gardner v. Florida*, 430 U.S. 349 (1977) . . . . . . . . . . . 91, 271, 324, 380, 382

*Giglio v. United S*, 405 U.S. 150 (1972) . . . . . . . . . . . . . . . . . . . . . . . 448, 450

*Glasser v. United* , 315 U.S. 60 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

*Goodwin v. Balkcom*, 684 F.2d 794 (11th Cir. 1982) . . . . . . . . . . 93, 113, 114

*Gray v. Lucas*, 677 F.2d 1086 (5th Cir. 1982),
    *cert. denied*, 461 U.S. 910 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93, 114

*Green v. Johnson*, 116 F.3d 1115 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . 68

*Greer v. Miller*, 483 U.S. 756 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 286

*Gregg v. Georgia*, 428 U.S. 153 (1976) . . . 382, 394, 395, 413, 422, 429-432

*Griffin v. Warden,*, 970 F.2d 1355 (4th Cir. 1992) . . . . . . . . . . . . . . . . . . . . 89

*Hall v. Washington*, 106 F.3d 742 (7th Cir. 1997),
    *cert. denied*, 118 S. Ct. 264 (1997 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

*Hameen v. State of Delaware*, 212 F.3d 226 (3d Cir. 2000) . . . . . . . . . . . . 72

*Harris By and Through Ramseyer v. Wood*, 64 F.3d 1432 (9th Cir. 1995)   218

*Harris v. Reed*, 894 F.2d 871 (7th Cir. 1990)  . . . . . . . . . . . . . . . . . . . . 89, 94

*Ex Parte Hawk*, 321 U.S. 114 (1944)  . . . . . . . . . . . . . . . . . . . . . . . . . . . 311

*Heckler v. Mathews*, 465 U.S. 728 (1984);  . . . . . . . . . . . . . . . . . . . . . . . 315

*Hendricks v. Calderon*, 70 F.3d 1032 (9th Cir. 1995),
    *cert. denied,* 116 S. Ct. 1335 (1996 . . . . . . . . . . . . . . . . . . . . . . . . . . . 107

*Hernandez v. New York*, 500 U.S. 352 (1991)  . . . . . . . . . . . . . . . . . . . . . 229

*Herring v. Estelle*, 491 F.2d 125 (5th Cir. 1974)  . . . . . . . . . . . . . . . . . . . 86

*Herring v. New York*, 422 U.S. 853, 95 S. Ct. 2550 (1975)  . . . . . . . . . . . 372

*Hicks v. Oklahoma*, 447 U.S. 343 (1979)  . . . . . . . . . . . . . . . . . . . . . . 310, 315

*Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996),
    *cert. denied*, 117 S. Ct. 967 (1997);  . . . . . . . . . . . . . . . . . . . . . . 305, 307

*Hill v. Lockhart*, 28 F.3d 832 (8th Cir. 1994)  . . . . . . . . . . . . . . . . . . . . 89, 94

*Hilton v. Guyot* (1895) 159 U.S. 113  . . . . . . . . . . . . . . . . . . . . . . . . . 438, 439

*Hogan v. Gibson*, 197 F.3d 1297 (10th Cir. 1999)  . . . . . . . . . . . . . . . . 69, 72

*Hohn v. United States*, 524 U.S. 236, 118 S. Ct. 1969 (1998)  . . . . . . . . . . 57

*Holloway v. Arkansas*, 435 U.S. 475, 98 S. Ct. 1173 (1978)  . . . . . . . . . . . 89

*Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999);  . . . . . . . . . . . . . . . . . . . 72

*Horton v. Zant*, 941 F.2d 1449 (11th Cir. 1991)  . . . . . . . . . . . . . . . . . . . . 95

*Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317 (1983)  . . . . . . . . . . . . . . 280

*Holsomback v. White*, 133 F.3d 1382 (11th Cir. 1998)  . . . . . . . . . . . . . . . 98

*Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774 (1964)  . . . . . . . . . . . . . 289

*Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979)   . 248, 249, 251, 367

*Jecker, Torre & Co. v. Montgomery* (1855) 59 U.S. 110 . . . . . . . . . . . . . . 439

*Jeffries v. Wood*, 114 F.3d 1484 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . 82

*Johnson v. California*, 125 S. Ct. 2410 (2005) . . . . . . . . . . . . . . . . . . 231-232

*Johnson v. Mississippi*, 403 U.S. 212 (1971) . . . . . . . . . . . . . . . . . . . . . . . 445

*Johnson v. Texas*, 113 S. Ct. 2658 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 355

*Johnson v. Texas*, 119 S. Ct. 2658 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 326

*Jones v. Wood*, 114 F.3d 1002 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . 82

*Jurek v. Estelle*, 593 F.2d 672 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . 103

*Jurek v. Texas*, 428 U.S. 262 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 431

*In re Kemmler*, 136 U.S. 436 (1890) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 333

*Kenley v. Armontro*, 937 F.2d 1298 (8th Cir.),
    *cert. denied*, 112 S. Ct. 431 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 94, 97

*Kennedy v. Mendoza*, 372 U.S. 144 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . 314

*Kimmelman v. Morri*, 477 U.S. 365 (1986) . . . . . . . . . . . . . . . . . . . . . 96, 254

*King v. Strickland*, 748 F.2d 1462 (11th Cir. 1984) . . . . . . . . . . . . . . . . . . . 95

*Kirkpatrick v. Bla*, 777 F.2d 272 (5th Cir. 1985),
    *cert. denied*, 476 U.S. 1178 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 453

*Kirkpatrick v. Whitley*, 992 F.2d 491 (5th Cir. 1993) . . . . . . . . . . . . . . . . 108

*Knox v. Collins*, 928 F.2d 866 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . 315

*Kubat v. Thieret*, 867 F.2d 351 (7th Cir. 1989) . 91, 107, 112, 322, 323, 326-7

*Kyles v. Whitley*, 514 U.S. 419 (1995) . . . . . . . . . . . . . . . . . . . . . . 286, 449-52

*Laws v. Armontrout*, 863 F.2d 1377 (8th Cir. 1988),
    *cert. denied*, 490 U.S. 1040, 109 S. Ct. 1944 (1989) . . . . . . . . . . . . . . 94

*Lesko v. Lehman*, 925 F.2d 1527 (3rd Cir.),
    *cert denied*, 502 U.S. 898 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 382

*Lewis v. Dretke*, 355 F.3d 364 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . 109

*Liegakos v. Cooke*, 106 F.3d 1381 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . 67

*Lindh v. Murphy*, 117 S. Ct. 2059 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 57

*Lindsey v. King*, 769 F.2d 1034 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . 451-2

*Livingston v. Johnson*, 107 F.3d 297 (5th Cir. 1997) . . . . . . . . . . . . . . . . . 88

*Lockett v. Ohio*, 438 U.S. 586 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 425

*Lockett v. Ohio*, 438 U.S. 586 (1977) . . . . . . . . . . . . . . . . . . . . . . . 91, 92, 272

*Lockhart v. Fretwell*, 113 S. Ct. 838 (1993) . . . . . . . . . . . . . . . . . . . . . . . 256

*Lockhart v. Fretwell*, 506 U.S. 364 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . 63

*Lockhart v. Johnson*, 104 F.3d 54 (5th Cir.),
    *cert. denied,* 117 S. Ct. 2518 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 81

*Lonchar v.Thomas*, 517 U.S. 314 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 58

*Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459 (1947) . . . . . . . . . . . 332

*Lowenfield v. Phelps*, 484 U.S. 231 (1988) . . . . . . . . . . . . . . . . . . . . 322, 324

*Loyd v. Whitley*, 977 F.2d 149 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . 89, 256

*Lyons v. McCotter*, 770 F.2d 529 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . 256

*M.L.B. v. S.L.J.*, 117 S. Ct. 555 (1996) . . . . . . . . . . . . . . . . . . . . . . . . 317, 318

*Mackall v. Angelone*, 131 F.3d 442 (4th Cir. 1997),
    *cert. denied*, 118 S. Ct. 907 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 305-6

*Mackall v. Murray*, 109 F.3d 957 (4th Cir. 1997) . . . . . . . . . . . . . . . 305, 307

*Mainiero v. Jordan*, 105 F.3d 361 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . 67

*Mak v. Blodgett*, 970 F.2d 614 (9th Cir. 1992) . . . . . . . . . . 107, 108, 219, 327

*Marks v. United States*, 430 U.S. 188 (1978) . . . . . . . . . . . . . . . . . . . . . . . . 309

*Martin v. Maggio*, 711 F.2d 1273 (5th Cir. 1983),
    *cert. denied*, 469 U.S. 1028 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 114

*Martinez- Macias v. Collins*, 810 F. Supp. 782 (W.D. Tex. 1991),
    *aff'd*, 979 F.2d 1067 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . 93, 255

*Mata v. Johnson*, 99 F.3d 1261 (5th Cir. 1996),
    *vacated on other grounds*, 105 F.3d 209 (5th Cir. 1997) . . . . . . . . . . . . 83

*McCleskey v. Zant*, 499 U.S. 467 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . 317

*McDougall v. Dixon*, 921 F.2d 518 (4th Cir. 1991) . . . . . . . . . . . . . . . . . . . 96

*McDowell v. Dixon*, 850 F.2d 740 (4th Cir. 1988) . . . . . . . . . . . . . . . . . . . 449

*McFarland v. Scott*, 512 U.S. 849 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 313

*McKenzie v. Daye* (9th Cir. 1995) 57 F.3d 1461 . . . . . . . . . . . . . . . . . . . . . 437

*McKoy v. North Carolina*, 494 U.S. 433 (1990) . . . . . . . . . . . . . . . . . . . . . . 325

*McMann v. Richardson*, 397 U.S. 759 (1970) . . . . . . . . . . . . . . . . . . . . . . . 86

*Michigan v. DeFlippo*, 443 U.S. 31, 99 S. Ct. 2627 (1979) . . . . . . . . . . . . 279

*Miller-El v. Dretke*, 125 S. Ct. 2317 (2005) . . . . . . . . . . . . . . . . . . . . 220, 230

*Miller v. Johnson*, 200 F.3d 274 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . 80, 81

*Miller v. United States, supra*, 78 U.S. at 315-316 . . . . . . . . . . . . . . . . . . . 438

*Mills v. Maryland*, 486 U.S. 367 (1988) . . . . . . . . . . . . . . . . . . . 320, 325, 326

*Mitchell v. Kemp*, 762 F.2d 886 (11th Cir. 1985),
    *cert. denied*, 483 U.S. 1026, 107 S. Ct. 3248(1987) . . . . . . . . . . . . . . . 93

*Monge v. California*, 118 S. Ct. 2246 (1998) . . . . . . . . . . . . . . . . . . . . . . . . 312

*Mooney v. Holohan*, 294 U.S. 103 (1935) . . . . . . . . . . . . . . . . . . . . . . . 310, 448

*Moore v. Cowan*, 560 F.2d 1302 (6th Cir. 1977),
    *cert. denied,* 435 U.S. 929 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 281

*Moore v. Johnson*, 185 F.3d 244 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . 108

*Moore v. Park*, 148 F.3d 705 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 82

*Morgan v. Illinois*, 504 U.S.719  112 S. Ct. 2222 (1992) . . . . . . . . . . 295, 296

*Murray v. Carrier*, 477 U.S. 478 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 318

*Murray v. Giarratano*, 492 U.S. 1 (1989) . . . . . . . . . . . . . . . 308-10, 313, 318

*Napue v. Illinois*, 360 U.S. 264 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . 448

*Neal v. Puckett*, 286 F.3d 230 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . 68, 80

*Neeley v. Nagle*, 138 F.3d 917 (11th Cir. 1998),
    *cert. denied,* 119 S. Ct. 811 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

*Nethery v. Collins*, 993 F.2d 1154 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . 262

*Nix v. Whiteside*, 475 U.S. 157 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 257

*Nobles v. Johnson*, 127 F.3d 409 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . 67

*O'Berry v. Wainwright*, 546 F.2d 1204 (5th Cir. 1977) . . . . . . . . . . . . . . . 282

*O'Neal v. McAninch*, 513 U.S. 432 (1995) . . . . . . . . . . . . . . . . . . . . . . . . 285

*ONeal v. McAnnich*, 513 U.S. 432 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 57

*Ohio Adult Parole Authority v. Woodard*, 118 S. Ct. 1244 (1998) . . . . . . . 316

*Orndorff v. Lockhart*, 998 F.2d 1426 (8th Cir. 1993),
    *cert. denied,* 511 U.S. 1060 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 285

*Ortega-Rodriguez v. United States*, 507 U.S. 234 (1993) . . . . . . . . . . . . . 314

*Parker v. Randolph*, 442 U.S. 62 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . 331

*Paxton v. Ward*, 199 F.3d 1197 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . 69

*Payne v. Tennessee*, 501 U.S. 808 (1991) . . . . . . . . . . . . . . . . . . . . . . . 375-382

*Pennsylvania v. Finley*, 481 U.S. 551 (1987) . . . . . . . . . . . . . . . . . . . . . . 310

*Pennsylvania v. Ritchie*, 480 U.S. 39 (1987) . . . . . . . . . . . . . . . . . . . . . . 448

*Penry v. Lynaugh*, 492 U.S. 302 (1989) . . . 297, 330, 347, 383, 395, 396, 423

*Perillo v. Johnson*, 79 F.3d 441 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . 263

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) . . . . . . . . . . . . . . 445

*Pickens v. Lockhart*, 714 F.2d 1455 (8th Cir. 1983) . . . . . . . . . . . . . . 94, 111

*Powell v. Alabama*, 287 U.S. 45 (1932) . . . . . . . . . . . . . . . . . . . . . . 87, 92

*Powers v. Ohio*, 499 U.S. 400, 111 S. Ct. 1364 (1991) . . . . . . . . . . . 240, 241

*Profitt v. Waldren*, 831 F.2d 1245 (5th Cir. 1987) . . . . . . . . . . . . . . . 97, 256

*Purkett v. Elem*, 514 U.S. 765 (1995) . . . . . . . . . . . . . . . . . . . . . . 227, 243

*Reece v. Georgia*, 350 U.S. 85 (1955) . . . . . . . . . . . . . . . . . . . . . . . . . 86

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000) . . . . . 228

*Riggins v. Nevada*, 504 U.S. 127 (1992) . . . . . . . . . . . . . . . . . . . . . . . 428

*Riles v. McCotter*, 799 F.2d 947 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . 103

*Rock v. Arkansas*, 483 U.S. 44 (1987) . . . . . . . . . . . . . . . . . . . . . . . . 444

*Rogers v. Richmond*, 335 U.S. 534, 81 S. Ct. 735 (1961) . . . . . . . . . . . . 289

*Rompilla v. Beard*, 125 S. Ct. 2456 (2005) . . . . . . . . . . . . . . . . . . . 104-05

*Roper v. Simmons*, 125 S. Ct. 1183 (2005) . . . . . . . . . . . . . . . . 126-138, 383

*Ross v. Oklahoma* (1988) 487 U.S. 81 . . . . . . . . . . . . . . . . . . . . . . . . 297

*Ex Parte Royall*, 117 U.S. 241 (1886) . . . . . . . . . . . . . . . . . . . . . . . . 311

-xvi-

*Sabariego v. Maverick* (1888) 124 U.S. 261 . . . . . . . . . . . . . . . . . . . . . . . . . 438

*Salazar v. Johnson*, 96 F.3d 789 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . 264

*Schlup v. Delo*, 513 U.S. 298 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67

*Scott v. Maggio*, 695 F.2d 916 (5th Cir.),
 *cert. denied,* 463 U.S. 1210 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 281

*Seidel v. Merkle*, 146 F.3d 750 (9th Cir. 1998) . . . . . . . . . . . . . . . . . 159, 252

*Seiler v. Thalacker*, 101 F.3d 536 (8th Cir. 1996),
 *cert. denied,* 117 S. Ct. 1447 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 285

*Simmons v. South Carolina*, 114 S. Ct. 2187 (1994) . . . . . . . . . . . . . 323-24

*Skipper v. South Carolina*, 476 U.S. 1 (1986) . . . . . . . . . . . . . . . . . . 92, 426

*Slack v. McDaniel*, 120 S. Ct. 1595 (2000) . . . . . . . . . . . . . . . . . . . . . . . . 58

*Smith v. Dretke*, 417 F.3d 438 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . 105

*Snyder. Duncan v. Louisiana*, 391 U.S. 145, 88 S. Ct. 1444 (1968)290, 295-96

*South Carolina v. Gathers*, 490 U.S. 805 (1989) . . . . . . . . . . . . . . . . . . . 375

*Southwestern Telegraph & Telephone Co. v. Danaher*,
 238 U.S. 482 (1915) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 314

*Stanford v. Kentucky*, 492 U.S. 361 (1989) . 394, 403, 406, 421-22, 435, 437

*Stansbury v. California*, 511 U.S. 318 (1994) . . . . . . . . . . . . . . . . . . . . . . 74

*Starr v. Lockhart*, 23 F.3d 1280 (8th Cir. 1993) . . . . . . . . . . . . . . . . . . . . 285

*Stephens v. Kemp*, 846 F.2d 642 (11th Cir.),
 *cert. denied,* 488 U.S. 872, 109 S. Ct. 189 (1988) . . . . . . . . . . . . . . . . 94

*Stewart v. Martinez-Villareal*, 118 S. Ct. 1618 (1998) . . . . . . . . . . . . . . . 57

*Stone v. Powell*, 428 U.S. 465 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . 280-81

*Strickland v. Washington*, 466 U.S. 688 (1984) . . . . . . . . . . . . . . . . . passim

*Strickler v. Greene*, 119 S. Ct. 27 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 67

*Sullivan v. Louisiana*, 508 U.S. 275 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . 283

*Sumner v. Mata*, 499 U.S. 539 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . 262

*Swain v. Alabama*, 380 U.S. 202 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . 227

*Swann v. Taylor,* 1999 WL 92435, at 5 (4th Cir. Feb. 18, 1999),
    *cert. denied,* 119 S. Ct. 1591 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 79

*Sweet v. Carter*, 22 F.Supp.2d 707, 719 (N.D.Ohio 1998) . . . . . . . . . . . . . . 72

*Taylor v. Alabama*, 457 U.S. 687, 102 S. Ct. 2664 (1982) . . . . . . . . . . . . 279

*Taylor v. Kentucky*, 436 U.S. 478 (1978) . . . . . . . . . . . . . . . . . . . . . . . 453, 455

*Tenny v. Dretke*, 416 F.3d 404 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . 105

*Thomas v. Kemp*, 796 F.2d 1322 (11th Cir.),
    *cert. denied*, 479 U.S. 996, 107 S. Ct. 602 . . . . . . . . . . . . . . . . . . . . 93, 94

*Thompson v. Calderon*, 118 S. Ct. 1489 (1998) . . . . . . . . . . . . . . . . . 316, 318

*Thompson v. Oklahoma,*
    487 U.S. 815 (1988) . . . . . . . . . . . . . 411, 413, 421, 422, 430, 437, 439

*Thompson v. Wainwright*, 787 F.2d 1447 (11th Cir. 1986) . . . . . . . . . . . 114

*Tison v. Arizona*, 481 U.S. 137 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 422

*Townsend v. Sain*, 372 U.S. 293 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . 281

*Trice v. Ward*, 196 F.3d 1151 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . 79

*Trop v. Dulles*, 356 U.S. 86 (1958) . . . . . . . . . . . . . . . . . . . . . . . 394, 429, 438

*Tucker v. Prelesnik*, 181 F.3d 747 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . 82

*Tukes v. Dugger,* , 911 F.2d 508 (11th Cir. 1990),
    *cert. denied,* 502 U.S. 898 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 281

*United States Post. Service v. Aikens*, 460 U.S. 711 (1983) . . . . . . . . . . . . 242

*United States v. Alvarado*, 951 F.2d 22 (2d. Cir. 1991) . . . . . . . . . . 229, 230

*United States v. Auten*, 632 F.2d 478 (5th Cir. 1980) . . . . . . . . . . . . . . . . 452

*United States v. Bagley*, 473 U.S. 667 (1985) . . . . . . . . . . . . . . . . . 449, 450

*United States v. Bajakajian*, 118 S. Ct. 2028 (1998) . . . . . . . . . . . . . . . . 314

*United States v. Cortez*, 449 U.S. 411, 101 S. Ct. 690 (1981) . . . . . . . . . . 278

*United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039 (1984) . . . . . . . 87, 88

*United States v. Cronic*, 839 F.2d 1401 (10th Cir. 1988) . . . . . . . . . . . . . . 96

*United States v. Duarte-Acero* 208 F.3d 1282 (11th Cir. 2000) . . . . . 436-37

*United States v. Dunnigan*, 507 U.S. 87 (1993) . . . . . . . . . . . . . . . . . . . . 317

*United States v. Hill*, 133 F.3d 337 (6th Cir. 1998) . . . . . . . . . . . . . . . . . 229

*United States v. Johnston*, 127 F.3d 380 (5th Cir. 1997) . . . . . . . . . . . . . 273

*United States v. Martinez*, 151 F.3d 384 (5th Cir. 1998) . . . . . . . . . . . . . 273

*United States v. Tate*, 419 F.2d 131 (6th Cir. 1969) . . . . . . . . . . . . . . . . 114

*United States v. Thompson*, 827 F.2d 1254 (9th Cir. 1987) . . . . . . . . . . . . 444

*United States v. Young*, 470 U.S. 1 (1985) . . . . . . . . . . . . . . . . . . . . . . . . 272

*Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000),
  *cert. denied,* 121 S. Ct. 340 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

*Vela v. Estelle*, 708 F.2d 954 (5th Cir. 1983),
  *cert. denied*, 464 U.S. 1053 (1984) . . . . . . . . . . . . . . . . . . . . . . . . 253, 255

*Wainwright v. Witt*, 469 U.S. 412, 105 S. Ct. 844 (1985) . . . . . . 290, 296, 297

*Walton v. Arizona*, 497 U.S. 639 (1990) . . . . . . . . . . . . . . . . . . . . . . 354-57

-xix-

*Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . 263-64

*Washington v. Texas*, 388 U.S. 14 (1967) . . . . . . . . . . . . . . . . . . . . . . . . 253

*Weeks v. Angelone*, 176 F.3d 249 (4th Cir. 1999) . . . . . . . . . . . . . . . . 66, 84

*Welch v. Belo*, 355 F.2d 1016 (5th Cir.),
    *cert. denied*, 385 U.S. 839 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . 310

*Wicker v. McCotter*, 783 F.2d 487 (5th Cir. 1986) . . . . . . . . . . . . . . . . . 103

*Wiggins v. Corcoran*, 288 F.3d 629 (4th Cir. 2002) . . . . . . . . . . . . . . . . 102

*Wiggins v. Smith*, 539 U.S. 510 (2003) . . . . . . . . . . . . . . . . . . . . . . . . passim

*Williams (Michael) v. Taylor*, 529 U.S.____, 120 S. Ct. 1479 (2000) . 56-61

*Williams(Terry) v. Taylor*, 529 U.S.____, 120 S. Ct. 1495 (2000) . . . . passim

*Williams v. Lynaugh*, 809 F.2d 1063 (5th Cir. 1987) . . . . . . . . . . . . . . . . 103

*Williams v. Washington*, 59 F.3d 673 (7th Cir. 1995) . . . . . . . . . . . . . . . 89

*Williams v. Whitley*, 940 F.2d 132 (5th Cir. 1991); . . . . . . . . . . . . . . . . . 452

*Wilson v. Butler*, 813 F.2d 664 (5th Cir. 1987),
    *cert. denied*, 484 U.S. 1079, 108 S. Ct. 1059 (1988) . . . . . . . . . . . 94, 98

*In re Winship*, 397 U.S. 358, 90 S. Ct. 1068 (1970) . . . . . . . . . 248, 253, 367

*Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407 (1963) . . . . 279, 289

*Woods v. Niersheimer*, 328 U.S. 211 (1946) . . . . . . . . . . . . . . . . . . . . . . 312

*Woodson v. North Carolina*, 428 U.S. 280 (1976) . . . . . . . . . . . . . . . . . . 324

*Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998) . . . . . . . . . . . . . . . . . . 68

*Wright v. West*, 505 U.S. 277 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 281

*Ybarra v. Illinois*, 444 U.S. 85, 100 S. Ct. 338 (1979) . . . . . . . . . . . . . . . 280

*Ylst v. Nunnemaker*, 501 U.S. 797 (1991) . . . . . . . . . . . . . . . . . . . . . . . . 307

*Zant v. Stephens*, 462 U.S. 862 (1983) . . . . . . . . . . . . . . . . . . . . . . . . 273, 380

## STATE CASES

*Ex parte Acosta*, 672 S.W.2d 470 (Tex. Crim. App. 1984) . . . . . . . . . . . . 284

*Anderson v. State*, 932 S.W.2d 502 (Tex. Crim. App. 1996),
    *cert. denied*, 117 S. Ct. 2517 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 352

*Barnes v. State*, 876 S.W.2d 316 (Tex.Cr.App. 1994) . . . . . . . . . . . . . . . 358

*Bell v. State*, 938 S.W.2d 35 (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . 352

*Besaraba v. State*, 656 So. 2d 441 (Fla. 1995); . . . . . . . . . . . . . . . . . . . . 406

*Bigby v. State*, 892 S.W.2d 864 (Tex.Cr.App. 1994) . . . . . . . . . . . . . . . . 358

*Bivins v. State*, 642 N.E.2d 928 (Ind. 1994),
    *cert. denied* 133 L.Ed.2d 734 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 381

*Burch v. State*, 343 So. 2d 831 (Fla. 1977) . . . . . . . . . . . . . . . . . . . . . . . 405

*Ex parte Carl Kelly*, 832 S.W.2d 44 (Tex. Crim. App. 1992) . . . . . . . . . . 103

*Colella v. State*, 915 S.W.2d 834 (Tex. Crim. App. 1995) . . . . . 350, 352, 357

*Commonwealth v. McHoul*, 226 N.E.2d 556 (Mass. 1967) . . . . . . . . . . . . 403

*Commonwealth v. Priovolos*, 715 A.2d 420 (Pa. 1998) . . . . . . . . . . . . . . 306

*Curry v. Zant*, 371 S.E.2d 647 (Ga. 1988) . . . . . . . . . . . . . . . . . . . . . . . . 89

*Daniels v. State*, 768 S.W.2d 314 (Tex. App. Tyler 1988) . . . . . . . . . . 259-60

*Ex parte David Ray Harris*, 825 S.W.2d 120 (Tex. Crim. App. 1991) . . . 103

*Ex Parte Davis*, 947 S.W.2d 216 (Tex. Crim. App. 1996) . . . . . . . . . . . . 306

*Davis v. State*, 782 S.W.2d 211 (Tex. Crim. App. 1989) . . . . . . . . . . . . . 321

*Doyle v. State*, 661 S.W.2d 726 (Tex. Crim. App. 1983) . . . . . . . . . . . . . 245

*Draughon v. State*, 831 S.W.2d 331 (Tex. Crim. App. 1992)   . . 327-328, 365

*Edwards v. State*, 441 So. 2d 84 (Miss. 1983)   . . . . . . . . . . . . . . . . . . . . . . . 406

*Eldridge v. State*, 940 S.W.2d 646 (Tex. Crim. App. 1996) . . . . . . . . . . . 352

*Elliason v. State*, 815 S.W.2d 656 (Tex. Crim. App. 1991) . . . . . . . . . . . 103

*Emery v. State*, 881 S.W.2d 702 (Tex. Crim. App. 1994)   . . . . . . . . . . . . 103

*Evans v. State*, 598 N.E.2d 516 (Ind. 1992)   . . . . . . . . . . . . . . . . . . . 406, 410

*Finger v. State*, 27 P. 3d 66, 85 (Nev. 2001)   . . . . . . . . . . . . . . . . . . . . . . . 410

*Fisher v. State*, 736 P.2d 1003 (Okl.Cr. 1987)   . . . . . . . . . . . . . . . . . . . . . 354

*Flores v. State*, 871 S.W.2d 714 (Tex. Crim. App. 1993),
   *cert. denied*, 513 U.S. 926 (1994 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 315

*Ex Parte Gardner*, 959 S.W.2d 189 (Tex. Crim. App. 1996) . . . . . . . . . . 302

*Harris v. Indiana*, 499 N.E.2d 723 (1987)   . . . . . . . . . . . . . . . . . . 410, 426-27

*Haynes v. State*, 103 Nev. 309, 739 P.2d 497 (1987)   . . . . . . . . . . . . . . . . 406

*Ex parte Henry Lee Lucas*, 877 S.W.2d 315 (Tex. Crim. App. 1994)   . . . . 103

*Huckaby v. State*, 343 So. 2d 29 (Fla. 1977);   . . . . . . . . . . . . . . . . . . . . . . . 405

*Ex parte Jewel Richard McGee, Jr.*, 817 S.W.2d 77
   (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103

*Joiner v. State*, 825 S.W.2d 701 (1992)   . . . . . . . . . . . . . . . . . . . . . . . . . . . 103

*Jones v. State*, 332 So. 2d 615 (Fla. 1976)   . . . . . . . . . . . . . . . . . . . . . . . . 405

*Kemp v. State*, 846 S.W.2d 289 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103

*Lowery v. State*, 547 N.E.2d 1046 (Ind. 1989)   . . . . . . . . . . . . . . . . . . . . . 354

*Matchett v. State*, 941 S.W.2d 922 (Tex. Crim. App. 1996),
   *cert. denied* 117 S. Ct. 2487   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 352

*Meraz v. State*, 785 S.W.2d 146 (Tex.Cr.App. 1990) ................. 358

*Modden v. State*, 721 S.W.2d 859 (Tex. Crim. App. 1986) ............ 372

*Moms v. State*, ___ S.W.2d ___ (Tex. Crim. App. No.71,799) .......... 352

*Moss v. State*, 877 S.W.2d 895 (Tex. App.-Waco, 1994) .............. 259

*Nobles v. State*, 843 S.W.2d 503 (Tex. Crim. App. 1992) ..... 103, 364, 365

*Ex parte Patrick Rogers*, 819 S.W.2d 533 (Tex. Crim. App. 1991) ...... 103

*People v. Carter*, 481 N.E.2d 1012 (1985) ......................... 391

*People v. Durre*, 690 P.2d 165 (Colo. 1984) ................... 329-330

*People v. Miranda* (1987) 44 Cal. 3d 57 ......................... 297

*Ramirez v. State*, 862 S.W.2d 648 (Tex. App.-Dallas, 1993) ........... 259

*Richardson v. State*, 879 S.W.2d 874 (Tex. Crim. App. 1993) ......... 103

*Robertson v. State*, 871 S.W.2d 701 (Tex.Crim. App. 1993) ........... 364

*Rothering v. McCaughtry*, 556 N.W.2d 136 (Wis. Ct. App. 1996),
   *review denied*, 560 N.W.2d 277 (1997) ....................... 306

*Sanders v. State*, 585 A.2d 117 (1991) ...................... 394, 409

*Sermons v. State*, 417 S.E.2d 144, 262 Ga. 286 (1992) .............. 381

*Shannon v. State*, 942 S.W.2d 591 (Tex. Crim. App. 1996) ............ 352

*Sheridan v. State*, 852 S.W.2d 772 (Ark. 1993) .................... 354

*Soria v. State*, 933 S.W.2d 46 (Tex. Crim.App. 1996) ............. 352-53

*State v. Breton*, 663 A.2d 1026 (Conn. 1995) ...................... 353

*State v. Carter*, 888 P.2d 629 (Utah 1992),
   *cert. denied* 133 L.Ed.2d 105 (1995) ......................... 381

*State v. Cegelis*, 638 A.2d 783 (N.H. 1994) ....................... 403

*State v. Claytor*, 61 Ohio St. 3d 234 (1991) . . . . . . . . . . . . . . . . . . . . . . . . 406

*State v. Crews*, 522 N.E.2d 1167 (1988),
  *cert. denied*, 492 U.S. 925 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 410

*State v. Doss*, 568 P.2d 1054 (Ariz. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . 405

*State v. Fierro*, 804 P.2d 90 (Ariz. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . 405

*State v. Guzek*, 906 P.2d 272 (Or. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 381

*State v. Hernandez*, 562 N.E.2d 219 (App. 2 Dist. 1990) . . . . . . . . . . . . . 354

*State v. Jimenez*, 799 P.2d 785 (Ariz. 1990) . . . . . . . . . . . . . . . . . . . . . . . 405

*State v. Johnson*, 399 A.2d 469 (R.I. 1979) . . . . . . . . . . . . . . . . . . . . . . . . 403

*State v. Myers*, 222 S.E.2d 300 (W.V. 1976) . . . . . . . . . . . . . . . . . . . . . . . 403

*State v. Nelson*, 803 A.2d 1 (N.J. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 384

*State v. Ramseur*, 524 A.2d 188 (N.J. 1987) . . . . . . . . . . . . . . . . . . . . . . . 325

*State  v. Richardson*, 462 S.E.2d 492 (N.C. 1995) . . . . . . . . . . . . . . . . . . . 353

*State v. White*, 270 P.2d 727 (N.M. 1954) . . . . . . . . . . . . . . . . . . . . . 403, 408

*State v. Williams*, 392 So. 2d 619 (La. 1980) . . . . . . . . . . . . . . 324, 325, 330

*Territory v. Catton*, 16 P. 902 (Utah 1888)
  *Rev sub nom Calton v. Utah*, 130 U.S. 83 (1881). . . . . . . . . . . . . . . . . . . . . 331

*Tew v. State*, 551 S.W.2d 375 (Tex. Crim. App. 1977) . . . . . . . . . . . . . . 245

*Thompson v. Commonwealth*, 70 S.E.2d 284 (Va. 1952) . . . . . . . . . . . . . . 403

*Ex parte Toby Lynn Williams*, 833 S.W.2d 150 (Tex. Crim. App. 1992) . . 103

*Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997)   284, 302, 304, 307

*Ward v. State*, 417 S.E.2d 130 (1992) . . . . . . . . . . . . . . . . . . . . . . . . 393, 410

*White v. Cole*, 880 S.W.2d 292 (Tex. App. --Beaumont 1994, writ denied) 315

*Yarborough v. Stat*, 947 S.W.2d 892 (Tex. Crim. App. 1997) . . . . . . . . . . 260


## DOCKETED CASES

*Ex Parte Anthony Cardell Haynes*, Cause No.783872-A . . . . . . . . . . . . . . 299

*Ex Parte Anthony Cardell Haynes*, No. 59,929-01 . . . . . . . . . . . . . . . . . . 3, 4

*Haynes v. State*, No. AP-73,685 (Tex. Crim. App. Oct. 10, 2001) . . . . . . . . . 3

*Haynes v. Texas*, No. 73,685 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 282

*Texas v. Jesus Flores*, No. 877,994A . . . . . . . . . . . . . . . . . . . . . . . . . . 335-38


## FEDERAL STATUTES

135 Cong. Rec. S13483 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 313

138 Cong. Rec. S4784, § III(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 436

18 U.S.C. § 17 (a) (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 390

28 U.S.C. § 2244(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 306

28 U.S.C. §2254 *et. seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

28 U.S.C. §§ 2261-2266 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 298

Louisiana, La. Rev. Stat. Ann. § 3:2465 . . . . . . . . . . . . . . . . . . . . . . . . . 345

Louisiana, La. Rev. Stat. Ann. § 3:2465 . . . . . . . . . . . . . . . . . . . . . . . . . 346

South Carolina, S.C. Code Ann. § 47-3-420 . . . . . . . . . . . . . . . . . . . . . . 345

U.S. Const., amends IV, V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

U.S. Const., amends IV, V, VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

U.S. Const., Amendment V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

    U.S. Const. Amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

## STATE STATUTES

ARK. STAT. ANN.§5-2-312 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 403

Cal. Penal Code § 190.3 (Deering 1996) . . . . . . . . . . . . . . . . . . . . . . . 412

Connecticut, Conn. Gen. Stat. § 22-344a . . . . . . . . . . . . . . . . . . . . . . . 345

CONN. GEN. STAT..§ 53A-13 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . 403

Delaware, Del. Code Ann., Tit. 3, § 8001 . . . . . . . . . . . . . . . . . . . . . . . 345

    Del. Code. Ann. tit. 11, § 641 (1995) . . . . . . . . . . . . . . . . . . . . . . . 405

Fla. Stat. §§ 828.058 and 828.065 . . . . . . . . . . . . . . . . . . . . . . . . . . . 345

Georgia, Ga. Code Ann. § 4-11-5.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . 345

GA. CODE ANN.§16-3-2 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 403

    GA. CODE ANN.§16-3-2 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 408

    HAW. REV. STAT.§704-400(1996) . . . . . . . . . . . . . . . . . . . . . . . . 403

Idaho Code § 19-2523 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 412

510 Ill. Comp. Stat., ch. 70, § 2.09 . . . . . . . . . . . . . . . . . . . . . . . . . . 345-46

IND. CODE § 35-36-2-3, 35-36-1-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . 410

IND. CODE ANN. §§ 35-35, 35-36 (1983) . . . . . . . . . . . . . . . . . . . . . . 392

Kan. Stat. Ann. § 47-1718(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 345-46

Ky. Rev. Stat. Ann. § 321.181(17) and 201 KAR 16:090, § 5(1) . . . . . . . . 345

La. Code Crim. Proc. Art.905.5 (1996) . . . . . . . . . . . . . . . . . . . . . . . . 412

Me. Rev. Stat. Ann., Tit. 17, §1044 (enacted in 1987) . . . . . . . . . . . . . . . . 345

MD. HEALTH-GEN. CODE §12-108(1995) . . . . . . . . . . . . . . . . . . . . . . . . 403

MICH. COMP. LAWS § 768.36 (3) (1982) . . . . . . . . . . . . . . . . . . . . . . . . 392

MICH. CONST. Art 4, § 46 ( 1835, amended 1963) . . . . . . . . . . . . . . . . 393

MICH. STAT. ANN.§28.1044(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 403

MONT. CODE ANN.§ 46-14-102 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . 404

    *Id.* at .§ 46-14-311 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 404

    *Id.* at § 46-14-312 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 404

Mont. Code. Ann.§ 45-5-103 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 405

Okla. Stat., Tit. 4, § 501 (enacted in 1981) . . . . . . . . . . . . . . . . . . . . . . . 345

OR. REV. STAT.§ 161.295(1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 403

Rhode Island, R.I. Gen. Laws § 4-1-34 . . . . . . . . . . . . . . . . . . . . . . . . 345-46

S.C. CODE §17-24-20(A) (1989 Cum. Supp.) . . . . . . . . . . . . . . . . . . . . . 394

Tennessee, Tenn. Code Ann. § 44-17-303 . . . . . . . . . . . . . . . . . . . . . . . 345

Tex. Code Crim. Proc. Ann. Art. 11.071 § 3(d) . . . . . . . . . . . . . . . . . . . . 300

Tex. Health & Safety Code Ann. § 821.052(a), (b) (Vernon 2003) . . . . . . . 345

Tex. Code Crim. Proc. Art. 11.071 § 2(d) . . . . . . . . . . . . . . . . . . . . . . . . 298

    *Id.* § 3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 299

Tex. Code Crim. Pro. Art. 37.071(e) (Vernon 1983) . . . . . . . . . . . . . . . . 108

    Tex. Code. Crim. Pro. Art. 38.22 Sec. 6 . . . . . . . . . . . . . . . . . . . . . . . . 282

    Tex. Code Crim. Pro. Art. 37.071 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 319

Tex. Code Crim. Pro. Art. 37.071(e) (Vernon's 1994) . . . . . . . . . . . . 325

Tex. Code. Crim. Pro. Art. 37.071(b) (Vernon's 1989) . . . . . . . . . . . 326

Tex. Code Crim. Pro. Article 37.07 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Penal Code. Ann. Sec. 2.01 (Vernon 1994) . . . . . . . . . . . . . . . . . . 248

Tex. Penal Code. Ann. Sec. 2.01 (Vernon 1994) . . . . . . . . . . . . . . . . 367

Tex. Penal Code Ann. Sec. 19.02 (b)(1) . . . . . . . . . . . . . . . . . . . . . . . . 244

Tex. Penal Code Ann. Sec. 19.03(a)(1) (Vernon 1994) . . . . . . . . . . . . 244

Tex. Penal Code § 6.02 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 252

Tex. R. App. P. 33.1(a) (Vernon Pamph. 2000) . . . . . . . . . . . . . . . . . . . . 370

Tex. Transp. Code Ann. Secs. 550.022 and 550.023 (Vernon 1999) . . . . . 246

## MISCELLANEOUS

*2000 Report of the American Veterinary Medical Association Panel on
Euthanasia*................................................................................218, 344, 346

American Bar Association, *Standards for Criminal Justice:
The Defense Function,* Standard 4-4.1 . . . . . . . . . . . . . . . . . . . . . . . . 91

American Bar Association, *Standards for Criminal Justice: The Defense
Function, Standard 4-4.1, Duty to Investigate,* (2d ed. 1980) . . . . . . . . . 90

Berger, *Payne and Suffering - A Personal Reflection and a Victim
Centered Critique,* 20 Fla. St. U. L. Rev. 21 (1992) . . . . . . . . . . . . . . 379

Harry Blackmun, *The Supreme Court and the Law of Nations,*
104 Yale L.J. 39, 45-46 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 421

William J. Bowers & Glenn L. Pierce, *Arbitrariness and Discrimination
under Post-*Furman *Capital Statutes,*
26 Crime & Delinq. 563, 596 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . 432

Stephen Bright, *Counsel for the Poor: The Death Sentence Not for the Worst Crime, But for the Worst Lawyer*, 103 Yale L.J. 1832 (1995) . . . . . . . . 86

55 U. Cinn. L. Rev. 943, 973 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 392

Robert J. Clary, "Voting for Death: Lingering Doubts About the Constitutionality of Texas' Capital Sentencing Procedure," 19 St. Mary's L.J. 353, 358-59 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . 320

Comment, *Evaluating Michigan's Guilty But Mentally Ill Verdict: An Empirical Study,* 16 U. MICH. J.L.REF. 77, 79n.10 (1982) . . . . . . . . 391

4 CRIM. JUST. ETHICS 3 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 425

Deborah Denno, *When Legislatures Delegate Death: The Troubling Paradox Behind State Uses of Electrocution and Lethal Injection and What It Says About Us*, 63 Ohio St. L.J. 106, n. 303 (February 2002) . . . . . . . . 342

Sheldon Eckland-Olson, *Structured Discretion, Racial Bias, and the Texas Death Penalty*, 69 Pol. Sci. Q. 853 (1988) . . . . . . . . . . . . . . . . . . . . . . . 433

Van W. Ellis, *Guilty But Mentally Ill and the Death Penalty: Punishment Full of Sound and Fury, Signifying Nothing*, 43 DUKE L/J. 87 (1993) . . . . 384

Anne S. Emmanuel, *Guilty But Mentally Ill Verdicts and the Death Penalty: An Eighth Amendment Analysis*, 68 N.C.L. REV. 37, 42 n. 33 (1989) . . . . . . . . . . . . . . . . . . . . . . . . 384, 392

Gary Goodpaster, *The Trial for Life: Effective Assistance of Counsel in Death Penalty Cases*, 58 N.Y.U. L. Rev. 299, 300-01 (1983) . . . . . . . . 103

National Mental Health Association, *Death Penalty and People with Mental Illness* (approved March 10, 2001) . . . . . . . . . . . . . . . . . . . . . 417

Note, *State Post-Conviction Remedies and Federal Habeas Corpus*, 12 Wm. & Mary L. Rev. 149, 170 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 312

Note, *Indiana's Guilty But Mentally Ill Statute: Blueprint to Beguile the Jury*, 57 IND. L. J. 639, 639 n.4 (1982) . . . . . . . . . . . . . . . . . . . . . . . . 392

Quigley, *Human Rights Defenses in U.S. Courts* (1998) 20 Hum. Rts. Q . 436

-xxix-

Michael Radelet, "On Botched Executions" Peter Hodgkinson and William
   Schabas (eds.), *Capital Punishment: Strategies for Abolition*
   (Cambridge University Press, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 343

Riesenfeld & Abbot, *The Scope of the U.S. Senate Control Over the Conclusion
   and Operation of Treaties* (1991) 68 Chi.-Kent L. Rev. 571 . . . . . . . . 436

William Schabas, *International Norms on Execution of the Insane and the
   Mentally Retarded*, 4 Criminal Law Forum 95, 100 (1993) . . . . . . . . . 419

7 SOC. PHIL. & POL'Y 29 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 426

Jonathen R. Sorensen & James Marquart, *Prosecutorial and Jury
   Decision-Making in Post-*Furman *Texas Capital Cases*, 18 N.Y.U.
   Rev. L. & Soc. Ch. 743 (1990-91) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 433

39 UCLA L. REV. 1623 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 425, 426

Woodmansee, *The Guilty But Mentally Ill Verdict: Political Expediency
   at the Expense of Moral Principles*, 10 NOTRE DAME J.L. ETHICS
   & PUB. POL'Y 341, 372 (1996)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 391

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ANTHONY CARDELL HAYNES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **-VS-** | § | **MISCELLANEOUS  NO. H-04-319** |
| | § | **Judge Sim Lake** |
| **DOUG DRETKE, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Petitioner Anthony Cardell Haynes  is currently confined in the Polunsky  Unit of the Texas  Department of Criminal Justice, Livingston, Texas, in the custody of the Respondent, Doug Dretke, Director of the Correctional Institutions Division of the Texas Department of Criminal Justice.  Mr. Haynes  is confined  in violation of the Constitution and laws of the United States, and files this  Petition  for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 *et. seq.* in order to secure the reversal of his capital murder conviction and sentence of death, and for his release from confinement.

In support thereof, Mr. Haynes would show the following:

# I.

## JURISDICTION AND PROCEDURAL HISTORY

Mr. Haynes invokes the jurisdiction of this Court pursuant to 28 U.S.C. §2254 *et. seq.*
Petitioner is a citizen of the United States and a resident of the State of Texas, and is
incarcerated in the custody of Respondent.

On May 29, 1998 a complaint was filed in Harris County District Court No. 263,
charging Anthony Haynes with the shooting of Houston Police Department Officer Kent
Kincaid.  CR 2[1] (Exhibit 1). On July 22, 1998 an indictment was filed against Mr. Haynes,
charging him with capital murder in the shooting of Officer Kincaid. CR 7 (Exhibit 2).  Jury
selection began on August 16, 1999 in the 263rd District Court of Harris County, Texas.
Testimony in the matter began on September 13, 1999.  Guilt/innocence phase closing
arguments were made on September 17, 1999.  On that date, the jury found Mr. Haynes
guilty of capital murder in Cause No. 783872 before the 263rd Judicial District Court of
Harris County, Texas (CR 477-478; Exhibit 3),  and on September 24, 1999, in accordance
with the special issues submitted pursuant to Tex. Code Crim. Pro. Article 37.07, was
sentenced to death.  (*Id.*)  On November 12, 1999, after a hearing, the trial court denied a
motion for a new trial.  On September 29, 1999 Mr. Haynes, through counsel, filed a Notice
of Appeal.  CR 480.

Petitioner, through appointed attorney Leora Teicher Kahn, filed his direct appeal in

---

[1] "CR" will refer to the Clerk's Record in this matter, in three volumes, as filed with the
Texas Court of Criminal Appeals on appeal.

the Texas Court of Criminal Appeals on June 2, 2000. (Exhibit 4).[2] Petitioner's appeal of this conviction and death sentence was denied by the Texas Court of Criminal Appeals on Oct. 10, 2001. *Haynes v. State,* No. AP-73,685 (Tex. Crim. App. Oct. 10, 2001)(slip op.)(not designated for publication)(Exhibit 5).

Petitioner, through appointed counsel Richard Wheelan, timely filed his petition for state habeas corpus relief with the 263rd Judicial District Court of Harris County, Texas on February 15, 2001. (Exhibit 6). On August 2, 2004, Mr. Haynes submitted his proposed findings of fact and conclusions of law (Habeas Tr. 139-143), and on August 3, 2004, the State submitted their proposed findings and conclusions. (Habeas Tr. 147-162). On August 5, a mere two days after they were submitted, the trial court adopted verbatim the State's proposed findings, without so much as altering a comma. (*Id.;* Exhibit 7). On October 6, 2004, the Texas Court of Criminal Appeals adopted the trial court's findings and conclusions and denied his state habeas application. *Ex Parte Anthony Cardell Haynes,* No. 59,929-01(not designated for publication) (Exhibit 8).

Undersigned counsel was appointed as counsel for Mr. Haynes in this Court on October 22, 2004. Mr. Haynes is proceeding *in forma pauperis* in these proceedings. This is Mr. Haynes's first application for federal habeas corpus relief.

This petition is timely filed, as it filed within one year of the state court's denial of his

---

[2] Petitioner has no official page numbering for this document, and his motion to be furnished with a copy of the record filed by the State was denied.

habeas application on October 6, 2004.[3]

## II.

## FACTUAL BACKGROUND

### A) Introduction.[4]

On May 22, 1998  Anthony Haynes was a Houston teenager and a recent  high school

graduate with no criminal record whatsoever, who dreamed of attending college and a

military career.  Anthony's parents had provided a strict but loving environment for their son,

who was well liked and admired by both family, relatives and friends.  He was seen by them

as having an essentially happy-go-lucky attitude toward life, and was respectful toward his

family and authority.  He was the last person his loved ones expected to commit a tragic act

of violence that would end the life of a Houston police officer.

In 1997, Anthony graduated from Dulles High School in Sugar Land, in the Houston

area, and then enrolled in the Navy Boost Program in Rhode Island.  This program was

designed for students who had excelled in high school ROTC and were thinking of a career

in the Navy, possibly with a view to acceptance in the United States Naval Academy.

Anthony liked the discipline and routine of the military, had excelled in high school ROTC,

---

[3]  *See* Exhibit 8, Order of the Texas Court of Criminal Appeals, *Ex Parte Anthony Cardell Haynes,* No. 59,929-01, October 6, 2004.

[4]  This factual summary introduction has been compiled from the record and from the numerous declarations which accompany this petition attached hereto as exhibits. The factual summary of the trial following this introduction has been compiled from the testimony and evidence introduced at trial, and is not intended as an admission by Petitioner of the veracity of any of this testimony or evidence.

-4-

and he tried hard to succeed in the Boost Program.

Unfortunately, he did not quite make the grades he needed, and had to return home to Houston. This, the first major failure in his life, triggered a number of events that were to have tragic consequences for two families. He lost a scholarship to Morehouse College, an offer he had been very proud of. More seriously, he began to experiment with drugs. On the night of May 22, 1998, Anthony had for the first time in his life taken a particularly dangerous drug, crystal methamphetamine ("crystal meth"). The potent effects of the drug caused him to lose all sense of himself and his ability to make measured judgments and led him to become involved in a number of acts that would eventually land him on death row.

Anthony first sampled the crystal meth around May 20, and for several days after that, he could not sleep, but instead wandered around Houston in a manic state, randomly visiting friends, without any plans or purpose. On May 22, 1998, Anthony got together with two friends, one of whom, Tim Reese, had a significant history of delinquent behavior. They drove around Houston in a pickup registered in his father's name. They decided to raise some money and drove up to pedestrians, pretended to ask directions, and then pointed a gun at them. The gun was not fired and the victims who refused to hand over their wallets and ran away were not pursued or fired upon. The unplanned and amateurish nature of these mostly unsuccessful robberies attests to the potent influence of the crystal meth on Anthony by this time.

Later that evening, Anthony fired the pistol into the air as he drove. The bullet came down on the windshield of off-duty Houston Police Department officer Kent Kincaid's SUV,

-5-

shattering it. The off-duty officer, who was on his way to a sports bar accompanied by his wife, was understandably irate and thought someone had thrown an object at his vehicle's windshield. He turned around and followed Anthony's truck until it turned into a driveway. The officer, dressed in plain clothes in a vehicle without any police markings, pulled up and blocked the driveway, jumped out and angrily confronted Anthony, who was holding the pistol on his lap. As the off-duty officer reached behind to pull out his identification in the back pocket of his pants, Anthony, fearing he was going to be shot, fired his pistol once. Anthony did not know the victim was a police officer when he fired.

Anthony was soon arrested and charged with the murder of Officer Kent Kincaid. It was charged as a capital crime, after Anthony was coerced into making statements about the killing that were not true, and the officer's status was later made to appear as if he was on duty. Anthony's family initially hired private counsel to represent their son, but this soon proved too expensive and the first attorney and another were eventually appointed by the court.

Unfortunately, these attorneys did little to defend Anthony at either the guilt or the punishment phase of his trial. Relying almost totally on the fact that the officer was off-duty at the time of his death, and the defense theory that this meant the shooting was not a capital crime, many crucial details were not investigated or pursued.[5] Despite a wealth of mitigating

---

[5] As the Texas Court of Criminal Appeals recognized, the crucial question was not whether or not the officer was on-or-off-duty, but whether "he was acting in the lawful discharge of his official duties as a peace officer at the time of his murder." Exhibit 5, *Haynes v. Texas,* No. 73,685, at 2. The CCA ruled that "[t]he record establishes that Sergeant Kincaid ...was off-duty at the time of his death." *Id.* at 3. There is a discrepancy between this holding and the

evidence, and a huge number of important witnesses who were eager to testify, the punishment phase was almost an afterthought. Many family members were never interviewed, and even when they volunteered to testify, their help was inexplicably refused.

This was especially prejudicial, because the State's case for Anthony's probability of committing future acts of criminal violence was especially weak, as he had no prior arrests or police contacts of any kind. The almost complete lack of any indications of a high probability of his committing future acts of criminal violence can be seen by the State's resort to minor disciplinary incidents in high school, amounting to verbal altercations, to bolster their case as to this special issue. Even these incidents could have been effectively challenged, but, due to the deficient investigation, they never were. The robberies immediately prior to the shooting were also introduced as aggravating evidence, but the jury was never told about Anthony's drug use that night that was the precipitating factor in these incidents.

Although the State's case for the probability that Anthony would commit future acts of criminal violence was extraordinarily weak, Anthony's attorneys never effectively challenged it, even though they had a lot of material to work with. As this petition will show, there were literally dozens of family and friends who could have testified about Anthony's non-violent nature, his good deeds in the community, his willingness to help others and other facets of his good character. This information was made available to the attorneys, and Anthony's parents compiled long lists of people who wanted to help. Yet,

_____

testimony of Assistant Chief Stewart of the HPD.

tragically, this help was ignored, and Anthony's punishment phase trial was a non-event. The jury never received a picture of him for what he really was and is: a young man who made a tragically bad decision one night, but who never intended to kill anyone, who did not know the person who approached him was a police officer (who was not acting in the course of his official duties); whose statements were coerced by the police, and who does not deserve to be on death row. Capital punishment is reserved for the worst of the worst. Anthony Haynes simply does not qualify.

### B) Pre-trial motions and jury selection.

The main theory of the defense was that the victim was not an on-duty police officer at the time of his death. In pre-trial motions on September 10, 1999, the defense requested records from the Houston Police Department relating to the general orders and rules for police officers, "which would tend to prove or disprove whether or not Mr. Kincaid was in the actual performance of his duties at the time of the alleged offense." 21 RR 4-5.[6] Also sought were records indicating whether workmen's compensation benefits were being paid to Officer Kincaid's wife, as they would tend to show whether the officer was acting within the lawful discharge of his duties when he was killed. 21 RR 7. The Court ordered such records to be furnished to the defense. *Id.* Also requested was the personnel file of the officer, as to reprimands or evaluations. There had also been some information that immediately prior to the incident, the off-duty Sergeant Kincaid and his wife were partying

---

[6] "RR" will refer to the Reporter's Record (trial transcript) in this matter, with the volume number preceding and the page number following.

-8-

with another couple who they had agreed to meet later at a sports bar, which would indicate he was not on duty at the time in question and not acting in his official capacity when he stopped the defendant.    On September 13, 1999, the Court[7] ordered that the defense be provided with a copy of the deceased officer's workmen's compensation records regarding this incident. 21 RR 11.

Jury selection began on September 13, 1999. 22 RR 3.  The defense used all of its peremptory strikes and was granted two additional strikes.  22 RR 11.  It was denied an additional requested strike.  22 RR 12.

At the end of the jury selection process, the defense made a motion pursuant to *Batson v. Kentucky*, stating that of the 50 jurors in the pool, seven were of African-American origin, six of which were reached by the process. 22 RR 13-14.  Twanna Kirling, Melba Goodman and Betty Owens were black females who were struck by the prosecution, and L. V. McQueen was a black male that was struck by the prosecution.  22 RR 15.  Three of the prosecution's fifteen strikes were used against black veniremen, and only one black person remained on the jury. 22 RR 15-16.

In stating its reasons for eliminating the African-American potential jurors, the prosecutor stated that Ms. Twinna Kirkling was struck because she said capital punishment was a last resort, "and would never give a firm conviction." 22 RR 16.  She also saw capital punishment as a necessary evil, she avoided giving any direct position on it, and "since she

---

[7]    The presiding judge was Hon. Jim Wallace, who presided over the trial, while the voir dire was presided over by Judge Lon Harper.  22 RR 16.