IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

OCT 5 2005

MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| ANTHONY CARDELL HAYNES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| -VS- | § | MISCELLANEOUS NO. H-04-319 |
| | § | Judge Sim Lake |
| DOUG DRETKE, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# H-05-3424

# PETITION FOR WRIT OF HABEAS CORPUS

## EXHIBITS IN SUPPORT OF PETITION
## VOLUME I
## EXHIBITS 1-5

A. RICHARD ELLIS
Texas Bar No. 06560400

75 Magee Avenue
Mill Valley, CA 94941
(415) 389-6771
(415) 389-0251 (FAX)

**Attorney for Petitioner**

## VOLUME I    EXHIBITS 1-5

| EXHIBIT | DOCUMENT |
|---------|----------|
| 1 | Complaint (filed May 25, 1998) (CR 2) |
| 2 | Indictment (filed July 22, 1998) (CR 7) |
| 3 | Verdict and sentence of death (Sept. 17, 24, 1999) (CR 477-478) |
| 4 | Petitioner's direct appeal brief: *Haynes v. State,* No. 73,685 |
| 5 | Verdict on direct appeal:  *Haynes v. State,* No. AP-73,685 (Tex. Crim. App. Oct. 10, 2001)(slip op.)(not designated for publication) |

## VOLUME II    EXHIBITS 6-17

| EXHIBIT | DOCUMENT |
|---------|----------|
| 6 | Petitioner's state habeas petition:  *Ex Parte Anthony Cardell Haynes,* Cause No. 783872-A |
| 7 | Trial Court's Findings and Conclusions on state habeas: *Ex Parte Anthony Cardell Haynes,* Cause No. 783872-A (Aug. 5, 2004) |
| 8 | Order on state habeas: *Ex parte Anthony Cardell Haynes,* Np. 59,929-01 (Tex. Crim. App. Oct. 6, 2004) |
| 9 | Jury instructions at punishment phase of trial.  2 CR 451 *et. seq.* |
| 10 | Autopsy report of Deputy Chief Medical Examiner Tommy J. Brown |
| 11 | Declaration of Patrica Davis |
| 12 | Declaration of Donald W. Haynes |
| 13 | Declaration of Eric Haynes |
| 14 | Declaration of Tiffany Deckard |
| 15 | Declaration of Earl Washington, Sr. |
| 16 | Declaration of Myrtle Hinton |

17              Declaration of Dr. Mark Cunningham

## VOLUME III    EXHIBITS 18-72

| EXHIBIT | DOCUMENT |
|---------|----------|
| 18 | Letter of Dr. Robert Geffner |
| 19 | Letter of Dr. Mitchell Young |
| 20 | MMPI-2 Report on Anthony Haynes, 8/17/99 |
| 21 | Letter of Dr. Susana Rosin, June 28, 2005 |
| 22 | Letter of Dr. Susana Rosin, July 13, 2005 |
| 23 | Affidavit of Dr. Seth Silverman |
| 24 | School transcripts of Anthony Haynes |
| 25 | Neuropsychological Deficit Scale report |
| 26 | Report of The Rosenstock Clinic, by Dr. Harvey A. Rosenstock, April 1, 1992 |
| 27 | Boost program academic records |
| 28 | Collected articles on the effects of methamphetamine |
| 29 | Declaration of Lawrence Hughes |
| 30 | Declaration of Kenneth Porter |
| 31 | Declaration of Lee Ester Porter |
| 32 | Declaration of Beverly Scott |
| 33 | Declaration of Debra Swisher |
| 34 | Declaration of Shelia Haynes |
| 35 | Declaration of Sgt. Allen Harris |

| 36 | Declaration of Earl Washington, Sr. |
|----|-------------------------------------|
| 37 | Declaration of Bonita Denyse Thierry |
| 38 | Declaration of Leon Tousant |
| 39 | Declaration of Barbara Taveras |
| 40 | Declaration of Ron Royal |
| 41 | Declaration of Debra Haynes |
| 42 | Declaration of Richard Haynes |
| 43 | Declaration of Sharon McElroy |
| 44 | Declaration of Rhonda Jackson |
| 45 | Declaration of Shelia Waters |
| 46 | Declaration of Socorro Herda |
| 47 | Letter of Renee Lewis |
| 48 | Declaration of Renita Royal |
| 49 | Declaration of Yolondo Gaines |
| 50 | Declaration of Debbie Lucas Moerbe |
| 51 | Declaration of Lawrence Aaron Tate |
| 52 | Declaration of Ryan Braud |
| 53 | Declaration of Cherrie McGlory |
| 54 | Declaration of Ivory Jackson |
| 55 | Declaration of Melvin Brock |
| 56 | Declaration of Portia Rose |
| 57 | Declaration of Darryl Smith |
| 58 | Declaration of Bonita Padmore |

59          **Declaration of Devlin Jackson**

60          **Declaration of Nezdra Ward**

61          **Declaration of Toya Terry**

62          **Declaration of Cleophis Lewis**

63          **Declaration of Courtney Erwin Davis**

64          **Declaration of Angela G. Malcolm**

65          **Declaration of Tiombe Davis**

66          **Declaration of Larry Britt**

67          **Motion for New Trial, 3 CR 522-538 and Affidavit of Cynthia Patterson**

68          **Vernon's Tx. Health & S. Code §§ 821.052 and 821.055**

69          **Lethal injection protocol in Texas, from TDCJ website "Death Row Facts"**

70          **Affidavits re lethal injection in the case of *Texas v. Jesus Flores*, No. 877,994A**

71          **"Critics Say Execution Drug May Hide Suffering" by Adam Liptak, New York Times, Oct. 7, 2003**

72          **Report of the AVMA Panel on Animal Euthansia (2000)**

TAB   1

THE STATE OF TEXAS
VS.

**ANTHONY CRAIG HAYNES**
**15402 FLEMINGTON**
**HOUSTON, TX 77000**

SPN: ~~01358742~~
DOB: BM 12-9-68
DATE PREPARED: 5/25/98

0166328/999

D.A. LOG NUMBER:436481
CJIS TRACKING NO.:9029550317-A001
BY: LJ  DA NO: 105
AGENCY:HCSO
O/R NO: 9805223252
ARREST DATE: 5-22-98

NCIC CODE: 0908 45

RELATED
CASES:

**TIMOTHY REESE**

FELONY CHARGE:  **CAPITAL MURDER**
CAUSE NO:         0783872
HARRIS COUNTY DISTRICT COURT NO: 263
FIRST SETTING DATE:

BAIL: $NO BOND
PRIOR CAUSE NO:

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **ANTHONY CRAIG HAYNES**, hereafter styled the Defendant, on or about **MAY 22, 1998**, did then and there unlawfully intentionally and knowingly cause the death of KENT KINCAID , hereafter styled the Complainant, a PEACE OFFICER in the lawful discharge of an official duty, by  SHOOTING COMPLAINANT WITH A DEADLY WEAPON, NAMELY, A FIREARM , knowing at the time that the Complainant was a  PEACE OFFICER .

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Sworn to and subscribed before me on <u>May 25, 1998</u>

AFFIANT

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS.

**COMPLAINT**

TAB    2

TAB 3

NO. _783872_

21A
4lf11

THE STATE OF TEXAS                              IN THE _24_
VS.
                                                COURT OF HARRIS

_Anthony Cardell Haynes_        Change of Venue From: _____

**JUDGMENT – DEATH PENALTY**

Judge Presiding: _Jim Wallace_    Date of Judgment: **SEP 17 1999**

Attorney
for State: _M.Vinson / D.Smyth_    Attorney
for Defendant: _A.Nunery / R.Jones_

Offense
Convicted of: _CAPITAL MURDER_

RECORDER'S MEMORANDUM.
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

Degree: CAPITAL   Punishment Assessed: DEATH    Date Offense Committed: _5-22-98_
Charging Instrument: Indictment             Plea: Not Guilty

Affirmative Findings: (Circle appropriate selection – N/A not available or not applicable)
DEADLY WEAPON: (Yes) No N/A    FAMILY VIOLENCE: Yes No (N/A)   HATE CRIME: Yes No (N/A)

The Defendant having been indicted in the above entitled and numbered cause for the
felony offense indicated above and this cause being this day called for trial, the State
appeared by her District Attorney as named above and the Defendant named above appeared in
person with Counsel as named above, and both parties announced ready for trial.

A Jury composed of _Sharon S. Malazzo_        and eleven others was selected,
impanelled, and sworn. The indictment was read to the Jury, and the Defendant entered a plea
of not guilty thereto, after having heard the evidence submitted; and having been charged by
the Court as to their duty to determine the guilt or innocence of the Defendant and having
heard argument of counsels, the Jury retired in charge of the proper officer and returned
into open Court on _SEP 17 1999_       , 19_____ , the following verdict, which was

"We, the Jury, find the defendant, Anthony Cardell Haynes,
guilty of capital murder, as charged in the indictment."

F I L E D
CHARLES BACARISSE
District Clerk

SEP 1 7 1999

Time: _1:05 pm_
Harris County, Texas
By _____
            Deputy

_Sharon Sefcik-Malazzo_
Foreman of the Jury

_SHARON SEFCIK-MALAZZO_
(Please Print) Foreman

Thereupon, the Jury, in accordance with law, heard further evidence in consideration

F I L E D
CHARLES BACARISSE
District Clerk

SEP 1 7 1999
Time: 4:05 pm
Harris County, Texas
By _____
Deputy

Sharon Sefcik-Malazzo
Foreman of the Jury

SHARON SEFCIK-MALAZZO
(Please Print) Foreman

Thereupon, the Jury, in accordance with law, heard further evidence in consideration of punishment, and having been again charged by the Court, the jury retired in charge of the proper officer in consideration of punishment and returned into open Court on the day of _____ SEP 24 1999 _____, 19 _____, the following verdict, which was received by the Court and is here entered of record upon the minutes:
(Special Issues/Verdict/Certification):

## SPECIAL ISSUE NO. 1

Do you find from the evidence beyond a reasonable doubt that there is a probability that the defendant, Anthony Cardell Haynes, would commit criminal acts of violence that would constitute a continuing threat to society?

## ANSWER

We, the jury, unanimously find and determine beyond a reasonable doubt that the answer to this Special Issue is "YES."

Sharon Sefcik-Malazzo

000047

## SPECIAL ISSUE NO. 2

Do you find from the evidence, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, Anthony Cardell Haynes, that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed?

### ANSWER

We, the jury, unanimously find that the answer to this Special Issue is "NO."

_____
Foreman of the Jury

### VERDICT

We, the Jury, return in open court the above answers to the "Special Issues" submitted to us, and the same is our verdict in this case.

_____
Foreman of the Jury

It is therefore considered, ordered, and adjudged by the Court that the Defendant is guilty of the offense indicated above, a felony, as found by the verdict of the jury, and that the said Defendant committed the said offense on the date indicated above, and that he be punished as has been determined by the Jury, by death, and that Defendant be remanded to jail to await further orders of this court.

And thereupon, the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof.

Whereupon the Court proceeded, in presence of said Defendant to pronounce sentence against him as follows, to wit, "It is the order of the Court that the Defendant named above, who has been adjudged to be guilty of the offense indicated above and whose punishment has been assessed by the verdict of the jury and the judgment of the Court at Death, shall be delivered by the Sheriff of Harris County, Texas immediately to the Director of the Institutional Division, Texas Department of Criminal Justice or any other person legally authorized to receive such convicts, and said Defendant shall be confined in said

We, the Jury, return in open court the above answers to the this case.

*Sharon Sefcik-Malzozo*
Foreman of the Jury

It is therefore considered, ordered, and adjudged by the Court that the Defendant is guilty of the offense indicated above, a felony, as found by the verdict of the jury, and that the said Defendant committed the said offense on the date indicated above, and that he be punished as has been determined by the Jury, by death, and that Defendant be remanded to jail to await further orders of this court.

And thereupon, the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof.

Whereupon the Court proceeded, in presence of said Defendant to pronounce sentence against him as follows, to wit, "It is the order of the Court that the Defendant named above, who has been adjudged to be guilty of the offense indicated above and whose punishment has been assessed by the verdict of the jury and the judgment of the Court at Death, shall be delivered by the Sheriff of Harris County, Texas immediately to the Director of the Institutional Division, Texas Department of Criminal Justice or any other person legally authorized to receive such convicts, and said Defendant shall be confined in said Institutional Division in accordance with the provisions of the law governing the Texas Department of Criminal Justice, Institutional Division until a date of execution of the said Defendant is imposed by this Court after receipt in this Court of mandate of affirmance from the Court of Criminal Appeals of the State of Texas.

The said Defendant is remanded to jail until said Sheriff can obey the directions of this sentence. From which sentence an appeal is taken as a matter of law to the Court of Criminal Appeals of the State of Texas.

Signed and entered on this the _____ day of _____, 19_____.

SEP 2 4 1999

JUDGE _____ DISTRICT COURT
Harris County, Texas

CRM-95   06-30-94

000478

TAB 4

73685

NO. 73,685

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
AT AUSTIN
\* \* \*

ANTHONY CARDELL HAYNES,
Appellant

v.

THE STATE OF TEXAS,
Appellee
\* \* \*

APPELLANT'S BRIEF

FILED IN
COURT OF CRIMINAL APPEALS

JUN 2 – 2000

Troy C. Bennett, Jr., Clerk

---

On Appeal in Cause No. 783,872
from the 263rd District Court of Harris County, Texas

---

LEORA TEICHER KAHN
Eleven Greenway Plaza,
Suite 3010
Houston, Texas  77046
TEL: (713): 222-1353
FAX: (713): 621-6933
STATE BAR NUMBER 11073100
ATTORNEY FOR APPELLANT
COURT APPOINTED ON APPEAL


ORAL ARGUMENT IS REQUESTED IN THIS CAUSE

NO. 73,685

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
AT AUSTIN
* * *

ANTHONY CARDELL HAYNES,
Appellant

V.

THE STATE OF TEXAS,
Appellee
* * *

**APPELLANT'S BRIEF**

---

On Appeal in Cause No. 783,872
from the 263rd District Court of Harris County, Texas

---

LEORA TEICHER KAHN
Eleven Greenway Plaza,
Suite 3010
Houston, Texas  77046
TEL: (713): 222-1353
FAX: (713): 621-6933
STATE BAR NUMBER 11073100
ATTORNEY FOR APPELLANT
COURT APPOINTED ON APPEAL

**ORAL ARGUMENT IS REQUESTED IN THIS CAUSE**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), the following persons are interested parties:

<u>Presiding Judge At Trial</u>

Hon. Jim Wallace
263rd Judicial District Court
1201 Franklin #15136
Houston,, Texas 77002-1901

Hon. H. Lon Harper (sitting by appointment)
c/o 263rd Judicial District Court
1201 Franklin #15136
Houston,, Texas 77002-1901

<u>Attorneys for State</u>

At trial:
Mr. Mark Vinson
Assistant District Attorney
1201 Franklin #600
Houston,, Tx 77002-1901

Mr. Don Smyth
Assistant District Attorney
1201 Franklin #600
Houston, Tx 77002-1901

Mr. William Hawkins
Assistant District Attorney
1201 Franklin #600
Houston, Tx 77002-1901

On appeal:

Mr. Calvin Hartman
Assistant District Attorney
1201 Franklin #600
Houston, Tx 77002-1901

<u>Attorneys for Appellant</u>

At trial:
Mr. Alvin Nunnery
Attorney at Law
1900 N. Loop West #435
Houston, Texas 77018
713/956-5055
TBN 15141800

i

Mr. Robert A. Jones
Attorney at Law
2211 Norfolk #600
Houston, Texas 77098
713/526-1171
TBN 10941500

On Appeal:

Ms. Leora Teicher Kahn
Attorney at Law
11 Greenway Plaza #3010
Houston, Tx 77046
713/222-1353
TBN 11073100

<u>Appellant</u>

Anthony Cardell Haynes
TDCJ-ID inmate -
death row.

ii

**TABLE OF CONTENTS**                                    **PAGE**

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES  . . . . . . . . . . . . . . . . . . . . x

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . xxix

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . xxx

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . xxx

POINTS OF ERROR PRESENTED xxxi, xxxii, xxxiii, xxxiv, xxxv, xxxvi

STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . 1

POINT OF ERROR ONE (RESTATED) . . . . . . . . . . . . . . 13

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT APPELLANT'S MOTION TO SUPPRESS HIS FIRST AUDIOTAPED CUSTODIAL STATEMENT OBTAINED WHILE APPELLANT WAS UNLAWFULLY ARRESTED, IN VIOLATION OF U.S. CONSTITUTION, AMENDMENTS FOUR AND FOURTEEN.

POINT OF ERROR TWO (RESTATED) . . . . . . . . . . . . . . 13

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT APPELLANT'S MOTION TO SUPPRESS HIS FIRST AUDIOTAPED CUSTODIAL STATEMENT OBTAINED WHILE APPELLANT WAS UNLAWFULLY ARRESTED, IN VIOLATION OF TEXAS CONSTITUTION, ART. I, SEC. 9.

POINT OF ERROR THREE (RESTATED) . . . . . . . . . . . . . 13

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT APPELLANT'S MOTION TO SUPPRESS HIS FIRST AUDIOTAPED CUSTODIAL STATEMENT OBTAINED WHILE APPELLANT WAS UNLAWFULLY ARRESTED, IN VIOLATION OF TEXAS STATUTORY LAW, CHAPTER 14, V.A.C.C.P.

POINT OF ERROR FOUR (RESTATED)  . . . . . . . . . . . . . . 13

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT APPELLANT'S MOTION TO SUPPRESS HIS FIRST AUDIOTAPED CUSTODIAL STATEMENT OBTAINED WHILE APPELLANT WAS UNLAWFULLY ARRESTED, IN VIOLATION OF TEXAS STATUTORY LAW, ARTICLE 38.23, V.A.C.C.P.

STATEMENT OF FACTS (POINTS OF ERROR ONE THROUGH FOUR):  . .   13

POINT OF ERROR FIVE (RESTATED) . . . . . . . . . . . . . . . . 33

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS SECOND AUDIOTAPED CUSTODIAL
STATEMENT OBTAINED WHILE APPELLANT WAS UNLAWFULLY ARRESTED, IN
VIOLATION OF U.S. CONSTITUTION, AMENDMENTS FOUR AND FOURTEEN.

POINT OF ERROR SIX (RESTATED) . . . . . . . . . . . . . . . . 34

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS SECOND AUDIOTAPED CUSTODIAL
STATEMENT OBTAINED WHILE APPELLANT WAS UNLAWFULLY ARRESTED, IN
VIOLATION OF TEXAS CONSTITUTION, ART. I, SEC. 9.

POINT OF ERROR SEVEN (RESTATED) . . . . . . . . . . . . . . . 34

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS SECOND AUDIOTAPED CUSTODIAL
STATEMENT OBTAINED WHILE APPELLANT WAS UNLAWFULLY ARRESTED, IN
VIOLATION OF TEXAS STATUTORY LAW, CHAPTER 14, V.A.C.C.P.

POINT OF ERROR EIGHT (RESTATED) . . . . . . . . . . . . . . . 34
THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS SECOND AUDIOTAPED CUSTODIAL
STATEMENT OBTAINED WHILE APPELLANT WAS UNLAWFULLY ARRESTED, IN
VIOLATION OF TEXAS STATUTORY LAW, ARTICLE 38.23, V.A.C.C.P.

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . 34

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . 35

POINT OF ERROR NINE (RESTATED) . . . . . . . . . . . . . . . 38

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS FIRST AUDIOTAPED CUSTODIAL
STATEMENT AS IT WAS INVOLUNTARY, IN VIOLATION OF APPELLANT'S
FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW, U.S.
CONSTITUTION, AMENDMENTS FIVE AND FOURTEEN.

POINT OF ERROR TEN (RESTATED) . . . . . . . . . . . . . . . . 38

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS FIRST AUDIOTAPED CUSTODIAL
STATEMENT AS IT WAS INVOLUNTARY, IN VIOLATION OF APPELLANT'S
STATE CONSTITUTIONAL RIGHTS, ART. I., SEC. 10.

iv

POINT OF ERROR ELEVEN (RESTATED) . . . . . . . . . . . . . . 38

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS FIRST AUDIOTAPED CUSTODIAL
STATEMENT AS IT WAS INVOLUNTARY, IN VIOLATION OF APPELLANT'S
STATE CONSTITUTIONAL RIGHTS TO DUE COURSE OF LAW, ART. I., SEC.
19.

POINT OF ERROR TWELVE (RESTATED) . . . . . . . . . . . . . . 38

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS FIRST AUDIOTAPED CUSTODIAL
STATEMENT AS IT WAS INVOLUNTARY, IN VIOLATION OF TEX. CODE CRIM.
PROC. ANN. art. 38.21 (V.A.C.C.P.).

POINT OF ERROR THIRTEEN (RESTATED) . . . . . . . . . . . . . 39

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS FIRST AUDIOTAPED CUSTODIAL
STATEMENT AS IT WAS INVOLUNTARY, IN VIOLATION OF TEX. CODE
CRIM.PROC. ANN. art. 38.23 (V.A.C.C.P.).

POINT OF ERROR FOURTEEN (RESTATED) . . . . . . . . . . . . . 39

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS FIRST AUDIOTAPED CUSTODIAL
STATEMENT AS IT WAS INVOLUNTARY, IN VIOLATION OF TEX. CODE CRIM.
PROC. ANN. art. 14.06 (V.A.C.C.P.).

STATEMENT OF FACTS (POINTS OF ERROR NINE THROUGH FOURTEEN): . 39

ARGUMENT AND AUTHORITIES (POINTS OF ERROR NINE THROUGH
FOURTEEN): . . . . . . . . . . . . . . . . . . . . . . . . . 42

POINT OF ERROR FIFTEEN (RESTATED) . . . . . . . . . . . . . 48

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS SECOND AUDIOTAPED CUSTODIAL
STATEMENT AS IT WAS INVOLUNTARY, IN VIOLATION OF APPELLANT'S
FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW, U.S.
CONSTITUTION, AMENDMENTS FIVE AND FOURTEEN.

POINT OF ERROR SIXTEEN (RESTATED) . . . . . . . . . . . . . 48

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS SECOND AUDIOTAPED CUSTODIAL
STATEMENT AS IT WAS INVOLUNTARY, IN VIOLATION OF APPELLANT'S
STATE CONSTITUTIONAL RIGHTS, ART. I., SEC. 10.

POINT OF ERROR SEVENTEEN (RESTATED) . . . . . . . . . . . . 49

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS SECOND AUDIOTAPED CUSTODIAL
STATEMENT AS IT WAS INVOLUNTARY, IN VIOLATION OF APPELLANT'S
STATE CONSTITUTIONAL RIGHTS TO DUE COURSE OF LAW, ART. I., SEC.
19.

POINT OF ERROR EIGHTEEN (RESTATED) . . . . . . . . . . . . 49

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS SECOND AUDIOTAPED CUSTODIAL
STATEMENT AS IT WAS INVOLUNTARY, IN VIOLATION OF TEX. CODE CRIM.
PROC. ANN. art. 38.21 (V.A.C.C.P.).

POINT OF ERROR NINETEEN (RESTATED) . . . . . . . . . . . . 49

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT
APPELLANT'S MOTION TO SUPPRESS HIS SECOND AUDIOTAPED CUSTODIAL
STATEMENT AS IT WAS INVOLUNTARY, IN VIOLATION OF TEX. CODE CRIM.
PROC. ANN. art. 38.23 (V.A.C.C.P.).

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . 49

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . 51

POINT OF ERROR TWENTY (RESTATED) . . . . . . . . . . . . . 56

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO FILE
WRITTEN FINDINGS REGARDING THE VOLUNTARINESS OF APPELLANT'S FIRST
AUDIOTAPED CUSTODIAL STATEMENTS, IN VIOLATION OF TEX. CODE CRIM.
PROC. ANN. art. 38.22 §6 (V.A.C.C.P.).

POINT OF ERROR TWENTY-ONE (RESTATED) . . . . . . . . . . . 56

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO FILE
WRITTEN FINDINGS REGARDING THE VOLUNTARINESS OF APPELLANT'S
SECOND  AUDIOTAPED CUSTODIAL STATEMENTS, IN VIOLATION OF TEX. CODE
CRIM. PROC. ANN. art. 38.22 §6 (V.A.C.C.P.).

STATEMENT OF FACTS (POINTS OF ERROR TWENTY AND TWENTY-ONE): . 56

ARGUMENT AND AUTHORITIES: . . . . . . . . . . . . . . . . . 57

POINT OF ERROR TWENTY-TWO (RESTATED) . . . . . . . . . . . 61

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING
APPELLANT'S MOTION TO STRIKE VENIREMAN MELBA LYNET WHITE WILLIAMS
FOR CAUSE, AS THE VENIREMAN WAS BIASED AGAINST A LAW THAT
APPELLANT WAS ENTITLED TO RELY UPON, IN VIOLATION OF APPELLANT'S
FEDERAL CONSTITUTIONAL RIGHT TO A FAIR AND IMPARTIAL JURY, U.S.
CONSTITUTION, AMENDMENTS SIX AND FOURTEEN.

vi

POINT OF ERROR TWENTY-THREE (RESTATED) . . . . . . . . . . 66

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING
APPELLANT'S MOTION TO STRIKE VENIREMAN JOHN RUBEN MUNOZ FOR
CAUSE, AS THE VENIREMAN WAS BIASED AGAINST A LAW THAT APPELLANT
WAS ENTITLED TO RELY UPON, IN VIOLATION OF APPELLANT'S FEDERAL
CONSTITUTIONAL RIGHT TO A FAIR AND IMPARTIAL JURY, U.S.
CONSTITUTION, AMENDMENTS SIX AND FOURTEEN.

POINT OF ERROR TWENTY-FOUR (RESTATED) . . . . . . . . . . 70

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING
APPELLANT'S MOTION TO STRIKE VENIREMAN JACQUELINE EMHOFF NELSON
FOR CAUSE, WHERE THE VENIREMAN WAS BIASED AGAINST A LAW THAT
APPELLANT WAS ENTITLED TO RELY UPON, IN VIOLATION OF APPELLANT'S
FEDERAL CONSTITUTIONAL RIGHT TO A FAIR AND IMPARTIAL JURY, U.S.
CONSTITUTION, AMENDMENTS SIX AND FOURTEEN.

POINT OF ERROR TWENTY-FIVE (RESTATED) . . . . . . . . . . 73

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING
APPELLANT'S MOTION TO STRIKE VENIREMAN HORACE B. SNYDER FOR
CAUSE, AS THE VENIREMAN WAS BIASED AGAINST A LAW THAT APPELLANT
WAS ENTITLED TO RELY UPON, IN VIOLATION OF APPELLANT'S FEDERAL
CONSTITUTIONAL RIGHT TO A FAIR AND IMPARTIAL JURY, U.S.
CONSTITUTION, AMENDMENTS SIX AND FOURTEEN.

POINT OF ERROR TWENTY-SIX (RESTATED) . . . . . . . . . . 77

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO
DISCHARGE THE JURY PANEL WHERE THE STATE EXERCISED ITS PEREMPTORY
STRIKES AGAINST VENIREMEMBER, TWANNA KIRKLING, IN A RACIALLY
DISCRIMINATORY MANNER IN VIOLATION OF THE EQUAL PROTECTION CLAUSE
OF THE FOURTEENTH AMENDMENT. U.S. CONST., AMEND. XIV.

POINT OF ERROR TWENTY-SEVEN (RESTATED) . . . . . . . . . . 77

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO
DISCHARGE THE JURY PANEL WHERE THE STATE EXERCISED ITS PEREMPTORY
STRIKES AGAINST VENIREMEMBER, MELBA H. GOODMAN, IN A RACIALLY
DISCRIMINATORY MANNER IN VIOLATION OF THE EQUAL PROTECTION CLAUSE
OF THE FOURTEENTH AMENDMENT. U.S. CONST., AMEND. XIV.

POINT OF ERROR TWENTY-EIGHT (RESTATED) . . . . . . . . . . 77

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO
DISCHARGE THE JURY PANEL WHERE THE STATE EXERCISED ITS PEREMPTORY
STRIKES AGAINST VENIREMEMBER, BETTY OWENS, IN A RACIALLY
DISCRIMINATORY MANNER IN VIOLATION OF THE EQUAL PROTECTION CLAUSE
OF THE FOURTEENTH AMENDMENT. U.S. CONST., AMEND. XIV.

POINT OF ERROR TWENTY-NINE (RESTATED) . . . . . . . . . . .  77

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO
DISCHARGE THE JURY PANEL WHERE THE STATE EXERCISED ITS PEREMPTORY
STRIKES AGAINST VENIREMEMBER, L.V. MCQUEEN, IN A RACIALLY
DISCRIMINATORY MANNER IN VIOLATION OF THE EQUAL PROTECTION CLAUSE
OF THE FOURTEENTH AMENDMENT. U.S. CONST., AMEND. XIV.

SUMMARY OF FACTS (POINTS OF ERROR TWENTY-SIX THROUGH TWENTY-
NINE): . . . . . . . . . . . . . . . . . . . . . . . . . . .  77

ARGUMENT AND AUTHORITIES  . . . . . . . . . . . . . . . . . .  81

STANDARD OF REVIEW  . . . . . . . . . . . . . . . . . . . . .  82

POINT OF ERROR THIRTY (RESTATED)  . . . . . . . . . . . . . .  94

THE TRIAL COURT ERRED IN PRESIDING OVER APPELLANT'S BATSON MOTION
WHERE THE COURT HAD NOT BEEN PRESENT DURING INDIVIDUAL VOIR DIRE
OF THE PROSPECTIVE VENIREMEMBERS.

STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . .  94

ARGUMENT AND AUTHORITIES:  . . . . . . . . . . . . . . . . . .  94

POINT OF ERROR THIRTY-ONE (RESTATED)  . . . . . . . . . . . .  99

THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO SUPPORT
APPELLANT'S CONVICTION FOR CAPITAL MURDER WHERE THE RECORD FAILS
TO SHOW THAT THE COMPLAINANT WAS ACTING IN HIS OFFICIAL DUTY AS A
PEACE OFFICER AT THE TIME OF HIS HOMICIDE, AS ALLEGED IN THE
INDICTMENT.

POINT OF ERROR THIRTY-TWO (RESTATED)  . . . . . . . . . . . . 106

THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF FACT, TO SUPPORT
APPELLANT'S CONVICTION FOR CAPITAL MURDER WHERE THE RECORD FAILS
TO SHOW THAT THE COMPLAINANT WAS ACTING IN HIS OFFICIAL DUTY AS A
PEACE OFFICER AT THE TIME OF HIS HOMICIDE, AS ALLEGED IN THE
INDICTMENT.

POINT OF ERROR THIRTY-THREE (RESTATED)  . . . . . . . . . . . 109

THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE
JURY'S ANSWER TO SPECIAL ISSUE ONE WHERE THE STATE FAILED TO
PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT WOULD CONSTITUTE A
CONTINUING THREAT TO SOCIETY.

POINT OF ERROR THIRTY-FOUR (RESTATED) . . . . . . . . . . . 114

THE TRIAL COURT VIOLATED APPELLANT'S FEDERAL CONSTITUTIONAL
RIGHTS TO DUE COURSE OF LAW BY SENTENCING APPELLANT TO DEATH
WHERE THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT THE JURY'S
ANSWER TO SPECIAL ISSUE ONE.

POINT OF ERROR THIRTY-FIVE (RESTATED) . . . . . . . . . . . 116

THE 12-10 TEXAS CAPITAL PUNISHMENT SCHEME IS UNCONSTITUTIONAL,
WHERE THE STATUTE CLEARLY SUBJECTS JURORS INCLINED TO ANSWER THE
MITIGATION ISSUES FAVORABLY TO THE APPELLANT TO COMPROMISE THEIR
VOTE IN FAVOR OF A DEATH SENTENCE, IN VIOLATION OF APPELLANT'S
FEDERAL CONSTITUTIONAL RIGHT AGAINST CRUEL AND UNUSUAL
PUNISHMENT.

POINT OF ERROR THIRTY-SIX (RESTATED) . . . . . . . . . . . 119

THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS TO EFFECTIVE
ASSISTANCE OF COUNSEL AT TRIAL.

POINT OF ERROR THIRTY-SEVEN (RESTATED) . . . . . . . . . . 119

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR NEW TRIAL
WHERE THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS TO EFFECTIVE
ASSISTANCE OF COUNSEL AT TRIAL.

STATEMENT OF FACTS
(POINTS OF ERROR THIRTY-SIX AND THIRTY-SEVEN) . . . . . . . 119

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . 123

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . 127

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . 128

## INDEX OF AUTHORITIES

**CASELAW**                                                    **PAGE**

<u>Aguilar v. Texas</u>,
    378 U.S. 108,
    84 S.Ct. 1509,
    12 L.Ed.2d 723 (1963) . . . . . . . . . . . . . . . 20

<u>Allen v. State</u>,
    795 S.W.2d 15
    (Tex. App. --Houston
    [14th Dist.] 1990, no pet.) . . . . . . . . . . . . 61

<u>Amores v. State</u>,
    816 S.W.2d 407
    (Tex. Crim. App. 1991) . . . . . . . . . . . . 19, 23

<u>Armstrong v. State</u>,
    550 S.W.2d 25
    (Tex. Crim. App. 1976) . . . . . . . . . . . . 20, 26

<u>Baldwin v. State</u>,
    606 S.W.2d 872
    (Tex. Crim. App. 1980) . . . . . . . . . . . . . . 26

<u>Banda v. State</u>,
    890 S.W.2d 53
    (Tex. Crim. App. 1994),
    <u>cert</u>. <u>denied</u>,
    115 S.Ct. 2253 (1995) . . . . . . . . . 62, 67, 71, 75

<u>Barber v. State</u>,
    611 S.W.2d 67
    (Tex. Crim. App. 1981) . . . . . . . . . . . . . . 22

<u>Batson v. Kentucky</u>,
    476 U.S. 79,
    106 S.Ct. 1712,
    90 L.Ed.2d 69 (1986) . . . . . . . 82, 83, 85, 88, 94, 99

<u>Bell v. State</u>,
    724 S.W.2d 780
    (Tex. Crim. App. 1986) . . . . . . . . . . . . 29, 30

<u>Bethany v. State</u>,
    814 S.W.2d 455
    (Tex. App. --Houston
    [14th Dist.] 1991,
    pet. ref'd.) . . . . . . . . . . . . . . . . . . 127

*Bigby v. State*,
    892 S.W.2d 864
    (Tex. Crim. App. 1994) . . . . . . . . . . . . . . . . . 107

*Bosley v. State*,
    414 S.W.2d 468
    (Tex. Crim. App. 1967) . . . . . . . . . 33, 36, 47, 55, 61

*Brooks v. State*,
    642 S.W.2d 791
    (Tex. Crim. App. 1982) . . . . . . . . . . . . . . . . . 126

*Brown v. Illinois*,
    422 U.S. 590,
    95 S.Ct. 2254,
    45 L.Ed. 416 (1975) . . . . . . . . . . . . . 29, 30, 31

*Burkholder v. State*,
    660 S.W.2d 540
    (Tex. Crim. App. 1983) . . . . . . . . . . . . . . . . . 105

*Burks v. United States*,
    437 U.S. 1,
    98 S.Ct. 2141,
    57 L.Ed.2d 1 (1978) . . . . . . . . . . . . . . . . . 105

*Butler v. State*,
    769 S.W.2d 234
    (Tex. Crim. App. 1989) . . . . . . . . . . . . . . . . . 104

*Cannaday v. State*,
    11 S.W.3d 205
    (Tex. Crim. App. 2000) . . . . . . . . . . . . 65, 70, 73

*Casarez v. State*,
    913 S.W.2d 468
    (Tex. Crim. App. 1994) . . . . . . . . . . . . . . . . 84

*Cerda v. State*,
    10 S.W.3d 748
    (Tex. App. --Corpus Christi,
    2000, no pet.) . . . . . . . . . . . . . . . . . 60, 61

*Chambers v. State*,
    903 S.W.2d 21
    (Tex. Crim. App. 1995) . . . . . . . . . . . . . . 112, 116

*Chapman v. California*,
    386 U.S. 18,
    87 S.Ct. 824,
    17 L.Ed.2d 705 (1967) . . . . . . . . . 33, 37, 47, 55, 66

xi

<u>Clark v. State</u>,
    726 S.W.2d 120
    (Tex. Crim. App. 1987) . . . . . . . . . . . 33, 38, 48, 55

<u>Clewis v. State</u>,
    922 S.W.2d 126
    (Tex. Crim. App. 1996) . . . . . . . . 107, 108, 109, 110

<u>Colorado v. Connelly</u>,
    479 U.S. 157,
    107 S.Ct. 515,
    93 L.Ed.2d 473 (1986) . . . . . . . . . . . . . . 46, 54

<u>Coolidge v. New Hampshire</u>,
    403 U.S. 443,
    91 S.Ct. 2022,
    29 L.Ed.2d 564 (1971) . . . . . . . . . . . . . . . . 23

<u>Cooper v. State</u>,
    791 S.W.2d 80
    (Tex. Crim. App. 1990) . . . . . . . . . . . . . . 85, 94

<u>Comer v. State</u>,
    754 S.W.2d 656
    (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . 26

<u>Cumbo v. State</u>,
    760 S.W.2d 251
    (Tex. Crim. App. 1988) . . . . . . . . . . . . . . 75, 76

<u>Daniels v. State</u>,
    718 S.W.2d 702
    (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . 32

<u>Daniels v. State</u>,
    768 S.W.2d 314
    (Tex. App.--Tyler
    1988, pet. ref'd) . . . . . . . . . . . . . . . . 91, 96

<u>Davis v. State</u>,
    499 S.W.2d 303
    (Tex. Crim. App. 1973) . . . . . . . . . . . . . 59, 118

<u>Dewberry v. State</u>,
    776 S.W.2d 589
    (Tex. Crim. App. 1989) . . . . . . . . . . . . . . . . 87

<u>Dickey v. State</u>,
    716 S.W.2d 499
    (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . 20

Dowthitt v. State,
    931 S.W.2d 244
    (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . 25

Doyle v. State,
    661 S.W.2d 726
    (Tex. Crim. App. 1983) . . . . . . . . . . . . . . . 100

Dunaway v. New York,
    442 U.S. 200,
    99 S.Ct. 2248,
    60 L.Ed.2d 824 (1979) . . . . . . . . 26, 27, 30, 31, 36

Duncan v. Louisiana,
    391 U.S. 145,
    88 S.Ct. 1444,
    20 L.Ed.2d 491 (1968) . . . . . . 61, 65, 67, 71, 73, 74

Dunn v. State,
    721 S.W.2d 325
    (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . 105

Eldridge v. State,
    940 S.W.2d 646
    (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . 111

Ellason v. State,
    815 S.W.2d 656
    (Tex. Crim. App. 1991) . . . . . . 64, 65, 68, 70, 72, 73

Emery v. State,
    881 S.W.2d 702
    (Tex. Crim. App. 1994)
    cert. denied,
    513 U.S. 1192,
    115 S.Ct. 1257,
    131 L.Ed.2d 137 (1995) . . . . . . . . . . . . . . . 104

English v. State,
    647 S.W.2d 667
    (Tex. Crim. App. 1983) . . . . . . . . . . . . . . . . 26

Epson v. State,
    743 S.W.2d 311
    (Tex. App.--Houston
    [1st Dist.] 1987, no pet.) . . . . . . . . . . . . . . 20

Estes v. Texas,
    381 U.S. 532,
    85 S.Ct. 1628,
    14 L.Ed.2d 543 (1965) . . . . . . . . . . . . . . . 124

Fearance v. State,
    771 S.W.2d 486
    (Tex. Crim. App. 1988) . . . . . . . . . . . . . . 25

Florida v. Royer,
    460 U.S. 491,
    103 S.Ct. 1319,
    75 L.Ed.2d 229 (1983) . . . . . . . . . . . . . . 20

Fluornoy v. State,
    668 S.W.2d 380
    (Tex. Crim. App. 1984) . . . . . . . . . . . . . 104

Fritz v. State,
    946 S.W.2d 844
    (Tex. Crim. App. 1997) . . . . . . . . . . . 83, 84

Fuentes v. State,
    664 S.W.2d 333
    (Tex. Crim. App. 1984) . . . . . . . . . . . . . 125

Gaddis v. State,
    753 S.W.2d 396
    (Tex. Crim. App. 1988) . . . . . . . . . . . . . 125

Gaines v. State,
    811 S.W.2d 245
    (Tex. App.--Dallas
    1991, pet. ref'd) . . . . . . . . . . . . . . . . 89

Garcia v. State,
    ___ S.W.3d ___,
    (Tex. Crim. App.,
    No. 064-99,
    delivered March 29, 2000) . . . . . . . . . . 57, 59

Garza v. State,
    915 S.W.2d 204
    (Tex. App. --Corpus Christi,
    1996 pet. ref'd.) . . . . . . . . . . . . . . . . 60

Geesa v. State,
    820 S.W.2d 154
    (Tex. Crim. App. 1991) . . . . . . . . . . . . . 104

Georgia v. McCollum,
    505 U.S. 42,
    112 S.Ct. 2348,
    120 L.Ed.2d 33 (1992) . . . . . . . . . . . . . . 84

<u>Giacona v. State</u>,
    298 S.W.2d 587
    (Tex. Crim. App. 1957) . . . . . . . . . . . . . . . 23

<u>Granger v. State</u>,
    850 S.W.2d 513
    (Tex. Crim. App. 1993) . . . . . . . . . . . . . . 106

<u>Green v. State</u>,
    615 S.W.2d 700
    (Tex. Crim. App. 1980) . . . . . . . . . . 20, 29, 37

<u>Green v. State</u>,
    906 S.W.2d 937
    (Tex. Crim. App. 1995) . . . . . . . . . . . . . . 58

<u>Greene v. Massey</u>,
    437 U.S. 19,
    98 S.Ct. 2151,
    57 L.Ed.2d 15 (1978) . . . . . . . . . . . . . . . 105

<u>Hafdahl v. State</u>,
    805 S.W.2d 396
    (Tex. Crim. App. 1990) . . . . . . . . . . . . . . 101

<u>Hardison v. State</u>,
    597 S.W.2d 355
    (Tex. Crim. App. 1980) . . . . . . . . . . 23, 24, 26

<u>Hawkins v. State</u>,
    660 S.W.2d 65
    (Tex. Crim. App. 1983) . . . . . . . . . . . . . . 19

<u>Heitman v. State</u>,
    815 S.W.2d 681
    (Tex. Crim. App. 1991) . . . . . . . . . . . . 36, 48

<u>Henley v. State</u>,
    576 S.W.2d 66
    (Tex. Crim. App. 1978) . . . . . . . . . . . . . . 124

<u>Henry v. State</u>,
    729 S.W.2d 732
    (Tex. Crim. App. 1987) . . . . . . . . . . . . . . 82

<u>Hernandez v. New York</u>,
    500 U.S. 352,
    111 S.Ct. 1859,
    114 L.Ed.2d 395 (1991) . . . . . . . . . . . . . . 86

Herring v. New York,
    422 U.S. 853,
    95 S.Ct. 2550,
    45 L.Ed.2d 593 (1975) . . . . . . . . . . . . . . . 125

Higbie v. State,
    780 S.W.2d 228
    (Tex. Crim. App. 1989) . . . . . . . . . . . . . . . 32

Hill v. State,
    827 S.W.2d 860,
    (Tex. Crim. App. 1992) . . . . . . . . 84, 85, 92, 94, 99

Hogan v. State,
    631 S.W.2d 159
    (Tex. Crim. App. 1982) . . . . . . . . . . . . . . . 25

Hooper v. State,
    533 S.W.2d 762
    (Tex. Crim. App. 1975) . . . . . . . . . . . . . . . 23

Howard v. State,
    941 S.W.2d 102
    (Tex. Crim. App. 1997) . . . . . . . . . . . . . . 128

Hulit v. State,
    982 S.W.2d 431
    (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . 23

Humason v.State,
    728 S.W.2d 363
    (Tex. Crim. App. 1987) . . . . . . . . . . . . . . 103

Illinois v. Gates,
    462 U.S. 213,
    103 S.Ct. 2317,
    76 L.Ed. 527 (1983) . . . . . . . . . . . . . . . . 22

In re Winship,
    397 U.S. 358,
    90 S.Ct. 1068,
    25 L.Ed.2d 368 (1970) . . . . . . . . . . 103, 112, 116

J.E.B. v. Alabama ex rel. T.B.,
    511 U.S. 127,
    114 S.Ct. 1419,
    128 L.Ed.2d 89 (1994) . . . . . . . . . . . . . 83, 84

Jackson v. Denno,
    378 U.S. 368,
    84 S.Ct. 1774,
    12 L.Ed.2d 908 (1964) . . . . . . . . . . 42, 51, 58, 59

xvi

<u>Jackson v. State</u>,
    672 S.W.2d 801
    (Tex. Crim. App. 1984) . . . . . . . . . . . . . . . 104

<u>Jackson v. Virginia</u>,
    443 U.S. 307,
    99 S.Ct. 2781,
    61 L.Ed.2d 560, 573 (1979) . . . . . 103, 104, 108, 112, 116

<u>Johnson v. State</u>,
    722 S.W.2d 417
    (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . 32

<u>Jones v. State</u>,
    565 S.W.2d 934
    (Tex. Crim. App. 1978) . . . . . . . . . . . . . . . . 19

<u>Jones v. State</u>,
    982 S.W.2d 386
    (Tex. Crim. App. 1998) . . . 62, 66, 68, 70, 71, 73, 75, 77

<u>Keeton v. State</u>,
    749 S.W.2d 861
    (Tex. Crim. App. 1988) . . . . . . . . . . . . 96, 97, 98

<u>King v. State</u>,
    953 S.W.2d 266
    (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . 66

<u>Koller v. State</u>,
    518 S.W.2d 373
    (Tex. Crim. App. 1975) . . . . . . . . . . . . . . . 125

<u>Lalande v. State</u>,
    676 S.W.2d 115
    (Tex. Crim. App. 1984) . . . . . . . . . . . . . . . . 23

<u>Lawton v. State</u>,
    913 S.W.2d 542
    (Tex. Crim. App. 1995) . . . . . . . . . . . . . . . 117

<u>Linscomb v. State</u>,
    829 S.W.2d 164
    (Tex. Crim. App. 1992) . . . . . . . . . . . . . 87, 94

<u>Lippert v. State</u>,
    664 S.W.2d 712
    (Tex. Crim. App. 1984) . . . . . . . . . . . . . . . . 21

<u>Long v. State</u>,
    823 S.W.2d 259
    (Tex. Crim. App. 1991) . . . . . . . . . . 65, 70, 73, 76

Lowery v. State,
    499 S.W.2d 160
    (Tex. Crim. App. 1973) . . . . . . . . . . . . . . . . 23

Maixner v. State,
    753 S.W.2d 151
    (Tex. Crim. App. 1988) . . . . . . . . . . . . . . . . 29

Malik v. State,
    953 S.W.2d 234
    (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . 105

Matson v. State,
    819 S.W.2d 839
    (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . 104

Matthews v. State,
    768 S.W.2d 731
    (Tex. Crim. App. 1989) . . . . . . . . . . . . . . . . 84

Mayfield v. State,
    821 S.W.2d 357
    (Tex. App. --Houston
    [14th Dist.] 1991, no pet.) . . . . . . . . . . . . . 60

McCoy v. State,
    713 S.W.2d 940
    (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . 46

McFarland v. State,
    928 S.W.2d 482
    (Tex. Crim. App. 1996) . . . . . . . . . . . . 111, 117

McGoldrick  v. State,
    682 S.W.2d 573
    (Tex. Crim. App. 1985) . . . . . . . . . . . . . . . 104

McKittrick v. State,
    535 S.W.2d 873
    (Tex. Crim. App. 1976) . . . . . . . . . . . . . . . . 58

McKoy v. North Carolina,
    494 U.S. 294,
    110 S.Ct. 1227,
    108 L.Ed.2d 369 (1990) . . . . . . . . . . . . . . . 117

Meraz v. State,
    785 S.W.2d 146
    (Tex. Crim. App. 1990) . . . . . . . . . . . . . . . 110

Michigan v. DeFlippo,
    443 U.S. 31,
    99 S.Ct. 2627,
    61 L.Ed.2d 343 (1979) . . . . . . . . . . . . . . 26

Michigan v. Tucker,
    417 U.S. 433,
    94 S.Ct. 2357,
    41 L.Ed.2d 182 (1974) . . . . . . . . . . . . . . 30

Mills v. Maryland,
    486 U.S. 367,
    108 S.Ct. 1860,
    100 L.Ed.2d 384 (1988) . . . . . . . . . . . 117, 118

Milton v. State,
    549 S.W.2d 190
    (Tex. Crim. App. 1977) . . . . . . . . . . . . . 25

Modden v. State,
    721 S.W.2d 859
    (Tex. Crim. App. 1986) . . . . . . . . . . . . . 125

Moraguez v. State,
    701 S.W.2d 902
    (Tex. Crim. App. 1986) . . . . . . . . . 32, 36, 47, 55, 60

Moreno v. State,
    755 S.W.2d 866
    (Tex. Crim. App. 1988) . . . . . . . . . 105, 112, 116

Morgan v. Illinois,
    504 U.S. 719,
    112 S.Ct. 2222,
    119 L.Ed.2d 492 (1992) . . . . . . . . 62, 67, 71, 74

Moss v. State,
    877 S.W.2d 895
    (Tex. App.-Waco,
    1994, no pet.) . . . . . . . . . . . . . . . . . 97

Mullaney v. Wilbur,
    421 U.S. 684,
    95 S.Ct. 1881,
    44 L.Ed.2d 508 (1975) . . . . . . . . . 103, 112, 116

Nethery v. State,
    692 S.W.2d. 686
    (Tex. Crim. App. 1985) . . . . . . . . . . . . . 61

Nicholas v. State,
    810 S.W.2d 829
    (Tex. App. -Dallas,
    pet. ref'd.,
    815 S.W.2d 732
    (Tex. Crim. App. 1991) . . . . . . . . . . . . . . 59

Oaks v. State,
    642 S.W.2d 174
    (Tex. Crim. App. 1982) . . . . . . . . . . . . . . 103

Ortiz v. State,
    577 S.W.2d 246
    (Tex. Crim. App. 1979) . . . . . . . . . . . . . . 106

Patrick v. State,
    906 S.W.2d 481
    (Tex. Crim. App. 1995) . . . . . . . . . . . 63, 68, 72

Pearson v. State,
    657 S.W.2d 120
    (Tex. Crim. App. 1983) . . . . . . . . . . . . . . 24

Penry v. Lynaugh,
    492 U.S. 302,
    109 S.Ct. 2934,
    106 L.Ed.2d 256 (1989) . . . . . . . . . 62, 67, 71, 74

Penry v. State,
    903 S.W.2d 715
    (Tex. Crim. App. 1995) . . . . . . . . . . . . . . 46

People v. Hall,
    672 P.2d 854 (1983) . . . . . . . . . . . . . . 96, 98

Powers v. Ohio,
    499 U.S. 400,
    111 S.Ct. 1364,
    113 L.Ed.2d 411 (1991) . . . . . . . . . . . . . . 84

Prystash v. State,
    3 S.W.3d 522
    (Tex. Crim. App. 1999) . . . . . . . . . . . 111, 117

Purkett v. Elem,
    514 U.S. 765,
    115 S.Ct. 1769,
    131 L.Ed.2d 834 (1995) . . . . . . . . . . . . . . 86

Rabb v. State,
    730 S.W.2d 751
    (Tex. Crim. App. 1987) . . . . . . . . . . . . . . 119

Ramirez v. State,
    862 S.W.2d 648
    (Tex. App.-Dallas,
    1993, no pet.) . . . . . . . . . . . . . . . . . 97

Randall v. State,
    656 S.W.2d 487
    (Tex. Crim. App. 1983) . . . . . . . . . . . . . 24

Reyes v. State,
    849 S.W.2d 812
    (Tex. Crim. App. 1993) . . . . . . . . . . . . 126

Rhoades v. State,
    934 S.W.2d 113
    (Tex. Crim. App 1996) . . . . . . . . . . . . . 83

Riojas v. State,
    530 S.W.2d 298
    (Tex. Crim. App. 1975) . . . . . . . 33, 36, 47, 55, 61

Roberson v. State,
    860 S.W.2d 162
    (Tex. App. --Fort Worth
    1993, no pet.) . . . . . . . . . . . . . . . 91, 98

Roberts v. State,
    513 S.W.2d 870
    (Tex. Crim. App. 1974) . . . . . . . . . . . . 100

Robinson v. State,
    851 S.W.2d 216
    (Tex. Crim. App. 1991) . . . . . . . . . . 87, 88, 89

Rochelle v. State,
    791 S.W.2d 121
    (Tex. Crim. App. 1990) . . . . . . . . . . . . . 61

Rogers v. Richmond,
    335 U.S. 534,
    81 S.Ct. 735,
    5 L.Ed.2d 760 (1961) . . . . . . . . . . . . . . 45

Romay v. State,
    442 S.W.2d 399
    (Tex. Crim. App. 1969) . . . . . . . . . . . . 100

Rousseau v. State,
    824 S.W.2d 579
    (Tex. Crim.  App. 1992) . . . . . . . . . . . . 88

<u>Russell v. State</u>,
    717 S.W.2d 7
    (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . 19

<u>Salazar v. State</u>,
    795 S.W.2d 187
    (Tex. Crim. App. 1990) . . . . . . . . . . . . . . . . 88

<u>Satterwhite v. State</u>,
    858 S.W.2d 412
    (Tex. Crim. App.)
    <u>cert. denied</u>,
    114 S.Ct. 455 (1993) . . . . . . . . . . . . . . . . . 82

<u>Self v. State</u>,
    709 S.W.2d 662
    (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . 29

<u>Selman v. State</u>,
    663 S.W.2d 838
    (Tex. Crim. App. 1984) . . . . . . . . . . . . . . . .105

<u>Shute v. State</u>,
    877 S.W.2d 314
    (Tex. Crim. App. 1994) . . . . . . . . . . . . . . . .106

<u>Sims v. Georgia</u>,
    385 U.S. 538,
    87 S.Ct. 639,
    17 L.Ed 2d 593 (1967) . . . . . . . . . . . . . . . . 58

<u>Sklar v. State</u>,
    764 S.W.2d 778
    (Tex. Crim. App. 1987) . . . . . . . . . . . . . . . . 25

<u>Smith v. State</u>,
    739 S.W.2d 848
    (Tex. Crim. App. 1987) . . . . . . . . . . . . . . . . 19

<u>Smith v. State</u>,
    779 S.W.2d 417
    (Tex. Crim. App. 1989) . . . . . . . 63, 65, 68, 70, 72, 73

<u>Soria v. State</u>,
    933 S.W.2d 46
    (Tex. Crim. App. 1996) . . . . . . . . . . . .111, 112, 116

<u>Stanton v. State</u>,
    743 S.W.2d 233
    (Tex. Crim. App. 1988) . . . . . . . . . . . . . . . . 25

Stanton v. State,
750 S.W.2d 375
(Tex. App. -Amarillo 1988,
op. on remand) . . . . . . . . . . . . . . . . . 29

State v. Antwine,
743 S.W.2d 51
(Mo. 1987) . . . . . . . . . . . . . . . . . . . 97

State v. Gonzales,
855 S.W.2d 692
(Tex. Crim. App. 1993) . . . . . . . . . . . . . 126

State v. Oliver,
808 S.W.2d 492
(Tex. Crim. App. 1991) . . . . . . . . . . . . . 85

Stone v. State,
823 S.W.2d 375
(Tex. App.-Austin 1992,
pet. ref'd.) . . . . . . . . . . . . . 36, 48, 108

Strickland v. Washington,
466 U.S. 668,
104 S.Ct. 2052,
80 L.Ed.2d 674 (1984) . . . . . . . . . . 124, 127

Taylor v. Alabama,
457 U.S. 687,
102 S.Ct. 2664
73 L.Ed2d 314 (1982) . . . . . . . . . 29, 30, 31, 37

Taylor v. State,
420 S.W.2d 601,
(Tex. Crim. App. 1967) . . . . . . . . . . . . . 124

Tennard v. State,
802 S.W.2d 678
(Tex. Crim. App. 1990),
cert. denied,
111 S.Ct. 2914 (1991) . . . . . . . . 83, 85, 87, 89

Terry v. Ohio,
392 U.S. 1,
88 S.Ct. 1868,
20 L.Ed.2d 889 (1968) . . . . . . . . . . . . . 20

Tew v. State,
551 S.W.2d 375
(Tex. Crim. App. 1977) . . . . . . . . . . . . . 100

Thompkins v. State,
    774 S.W.2d 195
    (Tex. Crim. App. 1987) . . . . . . . . . . . . . . . 87

Tibbs v. Florida,
    457 U.S. 31,
    102 S.Ct. 2211,
    72 L.Ed.2d 653 (1982) . . . . . . . . . . . . . . 109

Trevino v. State,
    572 S.W.2d 336
    (Tex. Crim. App. 1978) . . . . . . . . . . . . 75, 76

Turner v. State,
    754 S.W.2d 668
    (Tex. Crim. App. 1988) . . . . . . . . 33, 37, 47, 55, 66

Turner v. State,
    805 S.W.2d 423
    (Tex. Crim. App.)
    cert. denied,
    502 U.S. 870,
    112 S.Ct. 202,
    116 L.Ed.2d 162 (1991) . . . . . . . . . . . . . 104

United States v. Cortez,
    449 U.S. 411,
    101 S.Ct. 690,
    66 L.Ed.2d 621 (1981) . . . . . . . . . . . . . . 19

Urbano v. State,
    837 S.W.2d 114
    (Tex. Crim. App. 1992) . . . . . . . . . . . 103, 114

Vargas v. State,
    838 S.W.2d 552
    (Tex. Crim. App. 1992) . . . . . . . . . . . . 83, 92

Visor v. State,
    660 S.W.2d 816
    (Tex. Crim. App. 1983) . . . . . . . . . . . . . . 21

Wainwright v. Witt,
    469 U.S. 412,
    105 S.Ct. 844,
    83 L.Ed.2d 841 (1985) . . . . . . . . . . . 61, 67, 71, 74

Walker v. State,
    588 S.W.2d 920
    (Tex. Crim. App. 1979) . . . . . . . . . . . . . . 32