IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY CARDELL HAYNES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3424 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

### ORDER

On January 25, 2007, this court entered a Memorandum Opinion and Order denying Anthony Cardell Haynes' ("Haynes") federal habeas petition (Docket Entry No. 19) and entered a Final Judgment dismissing this case (Docket Entry No. 20). Haynes filed a timely Motion to Alter or Amend Judgment Pursuant to FED. R. CIV. P. 59(e) (Docket Entry No. 21). Haynes' motion does not challenge the legal or factual resolution of his habeas claims. Haynes raises two procedural objections to this court's Memorandum Opinion and Order. First, Haynes argues that it is inappropriate for this court to deny him a Certificate of Appealability ("COA") sua sponte. Second, Haynes contends that this court erred by not staying his habeas petition and allowing him to exhaust state court remedies. The court concludes that Haynes has not shown a reasonable basis to alter or amend the judgment.

Federal procedure limits review after the entry of judgment. Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary measure that courts should use sparingly. See 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). "Rule 59(e) does not set forth any specific grounds for relief." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). Nevertheless, "'[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.'" Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)); see also Dial One of the Mid-South, Inc. v. BellSouth Telecommunications, Inc., 401 F.3d 603, 606-07 (5th Cir. 2005). Due to the extraordinary nature of this remedy, the Fifth Circuit has stated that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993). As such, "the district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under [Rule 59(e)]." Lavespere, 910 F.2d at 174.

Haynes initially argues that this court should not have refused to issue a COA sua sponte. 28 U.S.C. § 2253(c), which establishes the COA requirement, "does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). On that basis, the Fifth Circuit has held that a district court may deny a COA without waiting for motions or briefing by the parties. See id. The sua sponte decision about whether a COA is warranted has become standard practice in district courts. Haynes does not show that the court's sua sponte decision to deny a COA in this case is inappropriate.

More particularly, Haynes criticizes this court's "blanket denial" of the COA. (Docket Entry No. 21 at 10) Section 2253(c)(3) requires the court to indicate "which specific issue or issues satisfy" the requirements for granting a COA. No specificity requirement exists for the denial of the certificate. Rule 22(b)(1) of the Federal Rules of Appellate Procedure only requires this court to state "why a certificate should not issue." This court extensively reviewed the factual and legal bases for Haynes' claims in the Memorandum Opinion and Order. The court found, under the applicable standards, that no issue required certification to the circuit court. (Docket Entry No. 19 at 86) Federal procedure requires no more. If Haynes wishes to appeal any

issue, he may seek a COA from the circuit court. See FED. R. APP. PRO. 22(b)(1) ("If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.").

In addition to his complaints about the COA ruling, Haynes faults the court's refusal to stay these proceedings. Haynes presented eleven unexhausted claims in his habeas petition. In the Memorandum Opinion and Order, this court found that Haynes did not meet the three requirements of Rhines v. Weber, 544 U.S. 269, 275 (2005), for staying federal proceedings to allow the exhaustion of state court remedies: (1) good cause for failing to exhaust the claim, (2) that the claim is not plainly meritless, and (3) that he has not intentionally engaged in dilatory tactics. (Docket Entry No. 19 at 10-16)  Haynes makes three complaints regarding this court's refusal to stay and abate his habeas proceedings: (1) he did not unnecessarily delay in his efforts to return to state court, (2) he has shown good cause for not advancing his claims until now, and (3) he has shown that a state avenue of relief remains open to him. None of these arguments require this court to alter or amend its judgment.

First, Haynes contends that he could not have anticipated the need for relying on Rhines' stay-and-abeyance procedure until the respondent pointed out the unexhausted nature of his claims. Haynes, however, discounts counsel's own knowledge of this case's

-4-

history and habeas law in general. The court presumes that federal habeas counsel will review the prior proceedings and will make himself aware of the claims that have already been raised. In fact, the AEDPA's deferential review of claims adjudicated on the merits in state court, in conjunction with the long-standing exhaustion mandate, requires counsel to familiarize himself with previous legal proceedings. Since exhaustion cannot be implicitly waived by the respondent, 28 U.S.C. § 2254(b)(3), and courts have a duty to consider exhaustion as a threshold issue, a court must assume that a petitioner knows that his claims are unexhausted when he files his petition. Counsel cannot wait for the other parties to point out the obvious.[1]

In this case, the sheer number of unexhausted claims suggests that counsel knew all along that his petition risked summary dismissal under <u>Rose v. Lundy</u>, 455 U.S. 509 (1989), for failure to exhaust. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court could have dismissed his habeas petition containing unexhausted claims <u>sua sponte</u>. Principles of comity, federalism, and finality encourage

---

[1] Haynes argues that he could not have anticipated that the respondent would assert "the affirmative defense of procedural default" until respondent filed the answer on May 22, 2006. The invocation of procedural default, however, is somewhat ancillary to the question of exhaustion. A procedural default only exists because state courts would not consider the merits of Haynes' unexhausted claims. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 734 n.1 (1991).

petitioners to file a prompt stay-and-abeyance request at the outset of habeas proceedings.

Second, Haynes alleges that the court erred in finding that he did not show good cause for not raising his claims until he filed his federal habeas petition. Haynes contends that he "had no way to know the nature or extent of any claim of non-exhaustion on the part of respondent." (Docket Entry No. 21 at 13) While some difficulty existed in this case because Haynes reasserted some claims with a different legal or factual basis than that relied upon in state court, Haynes had not raised the majority of his unexhausted claims in any form before. Nothing about the existence of federal procedural law should prevent a petitioner from advancing claims before filing his federal petition.[2]

Finally, Haynes argues that he meets TEX. CODE CRIM. PRO. art. 11.071 § 5's strict exceptions to the filing of successive state applications. Haynes complains that he has developed "a wealth of newly-discovered evidence regarding the special issues not presented at the punishment phase." (Docket Entry No. 21 at 17)

---

[2] Haynes also complains that "[a]s no investigative or expert funds were authorized by this Court, the investigation of virtually all claims, including those later deemed to be 'unexhausted,' was delayed and was still underway virtually up to the date of the filing of the petition." (Docket Entry No. 21 at 16) Even assuming that to be true and presuming that legal counsel was aware of the well-established exhaustion doctrine, the time to diligently seek stay and abeyance arose when counsel chose which issues to raise in his habeas petition, not months after opposing counsel challenged their unexhausted nature.

Haynes specifically argues that his new evidence meets TEX. CODE CRIM. PRO. art. 11.071 § 5(a)(3), which allows a petitioner to avoid the abuse-of-the-writ doctrine by showing "by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury in the applicant's trial under Article 37.071 or 37.0711." The Court of Criminal Appeals, however, has interpreted this provision as requiring more than just presenting a valid ground for relief. As noted in this court's Memorandum Opinion and Order (Docket Entry No. 19 at 15), the Court of Criminal Appeals interprets art. 11.071 § 5(c)(3) to require "a showing of actual innocence." Muniz v. Johnson, 132 F.3d 214, 221 n.11 (5th Cir. 1998); see also Ex parte Davis, 947 S.W.2d 216, 237 (Tex. Crim. App. 1996) ("The 'actual innocence' standard embodied in Subsections 5(a)(2) and 5(a)(3) mirrors that for bringing successive writ applications in federal habeas review of state convictions.") (Clinton, J., dissenting).[3]

---

[3]The wording of art. 11.071 § 5 closely resembles the federal standard that establishes an actual-innocence gateway to the consideration of procedurally barred claims. See Dretke v. Haley, 541 U.S. 386, 393 (2004) (recognizing that the Supreme Court has "limited the exception to cases in which the applicant could show 'by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law'") (quoting Sawyer v. Whitley, 505 U.S. 333, 336 (1992)); Schlup v. Delo, 513 U.S. 298, 329 (1995) (focusing on whether "no reasonable juror would have found the defendant guilty").

This court has already discussed Haynes' claim that he can show actual innocence (Docket Entry No. 19 at 15), and he has not shown any other means by which Texas would consider a successive habeas application.

Haynes raised many unexhausted claims in his petition -- most, if not all, of which he could have easily advanced in the normal course of his state proceedings. He made no effort to seek state review until well into the course of federal litigation. Further, as noted in this court's Memorandum Opinion and Order, his claims would not entitle him to relief even if he had exhausted them. (Docket Entry No. 19 at 19-22) Haynes presents no compelling basis to delay his federal proceedings.

Haynes' Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Docket Entry No. 21) is **DENIED**.

**SIGNED** at Houston, Texas, on this 9th day of February, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE