IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY CARDELL HAYNES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-05-3424 |
| RICK THALER, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

In 1998 Anthony Cardell Haynes ("Haynes") shot and killed off-duty Houston Police Department Officer Kent Kincaid.  The State of Texas charged Haynes with capital murder.  A jury found him guilty. He received a death sentence.  After exhausting state and federal proceedings, Haynes now faces an execution date of October 18, 2012.

Relying on recent precedent from the United States Supreme Court, Martinez v. Ryan, 566 U.S. ___, 132 S. Ct. 1309 (2012), Haynes now asks the court to reopen his federal habeas action and consider the merits of a procedurally barred ineffective-assistance-of-trial-counsel claim.  (Docket Entry No. 60)  Haynes also asks the court to stay his execution.  (Docket Entry No. 61) For the reasons provided below, the court will deny Haynes' motion for relief from judgment.  The court will not stay his execution.

## Background

After his capital conviction and death sentence, Haynes unsuccessfully availed himself of Texas state appellate and habeas review. Haynes filed a 456-page federal petition for a writ of habeas corpus in 2005. (Docket Entry No. 1) Among the 23 claims in his petition, some of which raised numerous subclaims, Haynes argued that trial counsel provided ineffective representation under Strickland v. Washington, 466 U.S. 668 (1984), in the preparation and presentation of mitigating evidence. Haynes submitted numerous affidavits from individuals whom he wished trial counsel had called to testify in the penalty phase.

In 2007 this court entered a Memorandum and Order denying relief. (Docket Entry No. 19) Federal courts have limited authority on habeas review. Federal law precludes relief unless "the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). Haynes raised most of his claims for the first time in federal court, including his Strickland claim. Haynes proposed two avenues to allow judicial consideration of his unexhausted claims. First, Haynes asked the court to stay his case pursuant to Rhines v. Weber, 544 U.S. 269 (2005), thus allowing state court review. The court denied his request for a Rhines stay for several reasons: Haynes waited until the case became ripe to ask for a stay; he easily could have

-2-

exhausted his claims earlier;[1] the state courts would find any successive habeas action an abuse of the writ, making a stay futile; and Haynes had not "made a compelling showing that, if presented to the state courts, his unexhausted claims would entitle him to habeas relief."  (Docket Entry No. 19 at 15-16)

Second, Haynes relied on established exceptions to the procedural bar doctrine to overcome his failure to exhaust.  When an inmate presents an unexhausted claim in federal court, and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," a federal procedural bar impedes adjudication.  Coleman v. Thompson, 501 U.S. 722, 734 n.1 (1991). Under the Coleman doctrine, however, federal courts can reach the merits of barred claims if "the prisoner can demonstrate *cause* for the default and *actual prejudice* as a result of the alleged

---

[1]In that context, the court observed:

> Even if ineffective assistance of habeas counsel constitutes "good cause" under Rhines, Haynes has not proved that his state representation was deficient.  The record before the court only shows that prior counsel did not raise certain claims – a circumstance that arises every time a capital petitioner includes unexhausted claims in his federal petition.  Haynes has not shown whether state habeas counsel's (or for that matter, state appellate counsel's) failure to raise those issues sprang from ineptitude, neglect, or strategic decision-making. Haynes has not made a record that would show that ineffective assistance of habeas counsel constitutes good cause in this case.

(Docket Entry No. 19 at 14)

violation of federal law[.]"  Coleman, 501 U.S. at 750 (emphasis added).[2]

Haynes focused his arguments for cause on state habeas counsel's failure to previously raise the barred claims.  The court relied on Fifth Circuit precedent and held that "ineffective assistance of habeas counsel cannot provide cause for a procedural default."  (Docket Entry No. 19 at 18) (quotation and citations omitted)  Thus, federal law barred the court from granting relief on Haynes' claims.

The court, however, reviewed the merits of the barred claims in the alternative.[3]  With special attention to his Strickland claim, the court concluded:

> Most of Haynes' unexhausted claims involve unresolved factual issues.  Primarily, those claims attack trial counsel's efforts, but also charge the prosecution with misconduct. Haynes has apparently spent a significant amount of time developing the factual basis for these claims and has devoted a considerable portion of his already-lengthy petition on those issues.  Without addressing the individual basis for each unexhausted, factually dependant claim, the court notes that none of his arguments facially command habeas relief.
>
> Particularly, Haynes has taken great pains to develop evidence that he alleges trial counsel should

---

[2]An inmate may also "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.  That exception is not an issue in this case.

[3]"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).

-4-

have presented at trial. Yet, as noted by respondent, Haynes' argument is essentially "not that counsels' performance should have been *better*, rather, his argument is that counsel should have investigated and presented evidence at the punishment phase in a completely *different* manner." (Docket Entry No. 10 at 29) The record indicates that the defense counsel (as well as the prosecution and trial court) went to great lengths to ensure that Haynes' constitutional rights were protected and viable defenses pursued. Haynes' allegations do not show flagrant omissions by the players involved in his trial; rather, they merely demonstrate the exercise of strategy and typify the maxim that "the Constitution entitles a criminal defendant to a fair trial, not a perfect one." <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 681 (1986). If the constraints of federal review did not command that Haynes first give the state courts an opportunity to adjudicate his claims of error, this court would still not issue a habeas writ.

(Docket Entry No. 19 at 21-22)  Having denied Haynes' barred claims in the alternative, the court addressed the claims that were available for federal review, finding that Haynes had not met the Anti-Terrorism and Effective Death Penalty Act's requirements for habeas relief.

Haynes moved to alter or amend judgment under FED. R. CIV. P. 59(e). (Docket Entry No. 21)  Haynes maintained that he had met the requirements for a <u>Rhines</u> stay and a Certificate of Appealability. The court denied his Rule 59(e) motion. (Docket Entry No. 22)  Haynes then unsuccessfully pursued appellate relief. The United States Supreme Court has recently denied Haynes' petition for a writ of certiorari. <u>Haynes v. Thaler</u>, ___ U.S. ___, 132 S. Ct. 1969 (2012).

Haynes has now filed a Motion for Relief From Judgment Pursuant to Civil Procedure 60(b)(6). (Docket Entry No. 60)

Haynes bases his motion on the Supreme Court's recent decision in Martinez v. Ryan, 566 U.S. ___, 132 S. Ct. 1309 (2012). Haynes also asks this court to stay his execution. (Docket Entry No. 61)

### Discussion

Relying on Martinez, Haynes asks the court to reopen judgment under Fed. R. Civ. P. 60(b)(6). "[R]elief under Rule 60(b) is considered an extraordinary remedy. . . . 'The desire for a judicial process that is predictable mandates caution in reopening judgments.'" Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir. 1998) (quoting Bailey v. Ryan Stevedoring Co., Inc., 894 F.2d 157, 160 (5th Cir. 1990)). Rule 60(b)(6) motions "will be granted only if extraordinary circumstances are present." Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002). As discussed below, federal law does not entitle Haynes to relief from the judgment because Martinez does not apply to habeas cases arising from Texas courts and, even if it did apply, Haynes has not shown extraordinary circumstances under Rule 60(b)(6).

### I.  *Martinez* Does Not Apply to Texas's Post-Conviction Procedure

The Supreme Court in Martinez v. Ryan recently concluded that deficient performance by a state habeas attorney may amount to cause under some circumstances. The Martinez court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim

> of ineffective assistance at trial if, in the initial-
> review collateral proceeding, there was no counsel or
> counsel in that proceeding was ineffective.

Martinez, ___ U.S. at ___, 132 S. Ct. at 1320.  The Martinez Court reasoned that when, as in Arizona, inmates can only raise Strickland claims on state habeas review, a state habeas attorney's deficient performance may forgive a federal procedural bar.

The Fifth Circuit, however, has recently held that Martinez does not apply to federal habeas cases arising from Texas convictions.  See Foster v. Thaler, 2012 WL 4328336 (5th Cir. Sept. 21, 2012) (unpublished), cert. denied, ___ U.S. ___, 2012 WL 4365081 (Sept. 25, 2012); Newbury v. Thaler, 2012 WL 3032718, at *1 (5th Cir. July 26, 2012) (unpublished); Ayestas v. Thaler, 2012 WL 2849487, at *1 (5th Cir. July 11, 2012) (unpublished); Gates v. Thaler, 2012 WL 2305855, at *6 (5th Cir. June 19, 2012) (unpublished); Ibarra v. Thaler, 687 F.3d 222, 227 (5th Cir. 2012). "Martinez, by its own terms, . . . establishes a specific and narrow exception to the Coleman doctrine[.]"  Ibarra, 687 F.3d at 225-26.  Unlike in Arizona, Texas inmates can raise Strickland claims in a motion for a new trial or on direct appeal.  Texas inmates are therefore "not entitled to the benefit of Martinez for [their] ineffectiveness claims[.]"  Ibarra, 687 F.3d at 227.

Haynes contends that the Fifth Circuit has wrongly decided those cases in refusing to apply Martinez.  He also argues that despite a "theoretically possible avenue" for raising Strickland claims, habeas review is the only meaningful forum for their

adjudication in this and all other cases. (Docket Entry No. 60 at 80) This court cannot overrule Fifth Circuit law.[4] The Fifth Circuit's recent holdings admit of no other conclusion than that Martinez cannot serve as a basis for meeting the cause requirement.

## II.  Haynes Has Not Shown Extraordinary Circumstances

When this court entered judgment, well-settled Fifth Circuit law rejected any use of habeas counsel's representation to constitute cause. See Brown v. Dretke, 419 F.3d 365, 378 (5th Cir. 2005); Elizalde v. Dretke, 362 F.3d 323, 331 (5th Cir. 2004); Beazley v. Johnson, 242 F.3d 248, 271 (5th Cir. 2001). Therefore, even if Martinez applied to capital cases arising from Texas courts, Haynes' Rule 60(b)(6) motion lacks merit.

Martinez itself does not constitute an extraordinary circumstance requiring this court to reopen judgment. Rule 60(b)(6) strikes a balance "between the desideratum of finality and the demands of justice." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981). "A change in decisional law after entry of judgment does not constitute

---

[4]Haynes observes that the Supreme Court has recently stayed the execution of a Texas inmate raising a Martinez issue. See Balentine v. Thaler, ___ S. Ct. ___, 2012 WL 3599235 (Aug. 22, 2012). Nevertheless, Fifth Circuit precedent "remains binding until the Supreme Court provides contrary guidance." Neville v. Johnson, 440 F.3d 221, 222 (5th Cir. 2006); see also Foster, 2012 WL 4328336 (refusing to stay an execution based on the Supreme Court's stay in Balentine). The Supreme Court, in fact, recently refused to stay a case on similar grounds. See Foster, 2012 WL 4365081.

exceptional circumstances and is not alone grounds for relief from
a final judgment" under Rule 60(b)(6).  Bailey v. Ryan Stevedoring
Co., 894 F.2d 157, 160 (5th Cir. 1990) (citations omitted).  Even
in habeas cases, federal courts have found that the AEDPA's
concerns for comity and finality override any interest in applying
new decisional law through a Rule 60(b)(6) motion.  See Gonzalez v.
Crosby, 545 U.S. 524, 536 (2005); Hernandez v. Thaler, 630 F.3d
420, 430 (5th Cir. 2011); Hess, 281 F.3d at 216.

The Fifth Circuit has recently refused to find that Martinez
is a sufficient basis for Rule 60(b)(6) relief:

> .  .  .  [I]n denying Adams's initial federal habeas
> petition, the district court correctly determined that
> Adams's claims were procedurally defaulted pursuant to
> the then-prevailing Supreme Court precedent of Coleman.
> The Supreme Court's later decision in Martinez, which
> creates a narrow exception to Coleman's holding regarding
> cause to excuse procedural default, does not constitute
> an "extraordinary circumstance" under Supreme Court and
> our precedent to warrant Rule 60(b)(6) relief.  See
> Gonzalez, 545 U.S. at 536, 125 S.Ct. 2641; Bailey, 894
> F.2d at 160.  The Martinez Court's crafting of a narrow,
> equitable exception to Coleman's holding is "hardly
> extraordinary."  Gonzalez, 545 U.S. at 536, 125 S.Ct.
> 2641; see also Martinez, 132 S.Ct. at 1320 ("The rule of
> Coleman governs in all but the limited circumstances
> recognized here.").

Adams v. Thaler, 679 F.3d 312, 320 (5th Cir. 2012); see also
Foster, 2012 WL 4328336.  Because "the Martinez decision is simply
a change in decisional law and is 'not the kind of extraordinary
circumstance that warrants relief under Rule 60(b)(6),'" Haynes'
"60(b)(6) motion is without merit."  Adams, 679 F.3d at 320.

Additionally, the applicability of Martinez to Texas's post-
conviction process does not change the fact that the court has

-9-

already adjudicated Haynes' Strickland claim.  Haynes asks the
court "to exercise its authority and grant him relief from its
prior judgment . . . and grant federal review of this claim. . . ."
(Docket Entry No. 60 at 112) (emphasis added)  The court has
already reviewed the merits of Haynes' Strickland claim in the
alternative and found it to be without merit.  Haynes argues that
this court's adjudication was not commensurate to his "roughly 130
pages devoted to the claim in the federal petition." (Docket Entry
No. 60 at 20, n.9)  Haynes calls the court's alternative ruling
"flawed," and containing "logical errors" (Docket Entry No. 9 at
n.9).  Be that as it may, the court has already granted Haynes the
relief he now requests:  The court considered the merits of his
barred claims.  While Haynes may disagree with the earlier
adjudication, the relief requested has already been granted.

     Finally, an inmate must not only show "cause," but also
"actual prejudice." Martinez, ___ U.S. at ___, 132 S. Ct. at ___;
Coleman, 501 U.S. at 750.  "The Supreme Court has been reluctant to
define the precise contours of the prejudice requirement."
Barrientes v. Johnson, 221 F.3d 741, 769 (5th Cir. 2000); see also
Williams v. Taylor, 529 U.S. 420, 444 (2000) (leaving to the lower
courts "[q]uestions regarding the standard for determining the
prejudice that petitioner must establish to obtain relief").
Haynes must show more than "a possibility of prejudice," but that
the errors "worked to his actual and substantial disadvantage,
infecting his entire trial with error of constitutional

-10-

dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982); <u>see also</u> <u>Engle v. Isaac</u>, 456 U.S. 107, 129 (1982).

Haynes' argument for actual prejudice flows from his <u>Strickland</u> claim, which the court has already found does not merit habeas relief. Haynes contends that trial counsel "did little to defend" him, allowing the State's "extraordinarily weak" case to pass uncontested by a "wealth of mitigating evidence, and a huge number of witnesses who were eager to testify" that Haynes was a "young man who made a tragically bad decision one night, but who never intended to kill anyone[.]" (Docket Entry No. 60 at 17-18) Haynes' pleadings present a <u>possibility</u> that the jury would have assessed his sentence differently had trial counsel called different witnesses. Haynes, however, overstates the effect of his habeas evidence while understating both the evidence against him and trial counsel's efforts.

As the Texas Court of Criminal Appeals observed on direct appeal, Haynes unremorsefully confessed to knowingly murdering a police officer after a violent crime spree:

> On the night of the offense, Haynes committed a string of armed robberies before he murdered Sergeant Kincaid. Under the pretense of asking for directions, Haynes would call a victim over to his vehicle and then point a gun at him, demanding his wallet. In this manner, Haynes approached three victims immediately before killing Sergeant Kincaid. Haynes then fired his gun out of his vehicle while passing the Kincaids. Haynes admitted that he shot Sergeant Kincaid because he was a police officer and, showing no remorse, bragged to friends that he had killed a police officer. Haynes also told people that he should have killed Nancy Kincaid, so that there would have been no witness to the murder.

-11-

Haynes v. State, No. 73,685 at *5 (Tex. Crim. App. 2001).  Other
evidence showed that Haynes had an eruptive temper marked by
drastic mood swings.    He had been treated for intermittent
explosive disorder.  He had threatened police officers in the past.
He had been hospitalized for his unremitting drug use that began at
age 13.    During his hospitalization he often threatened to kill
hospital staff.   He had previously assaulted his three-year-old
sister and tried to kill his dog.

     The defense countered with several witnesses who testified
that Haynes would not be a future societal danger.   Trial counsel
prepared for the punishment phase by speaking with numerous
friends, family members, and acquaintances of Haynes.  During their
pre-trial investigation, trial counsel hired an investigator and
two separate psychiatrists.  In the punishment phase family members
and others explained that Haynes was a good person who, despite
behavioral problems, would not engage in future violence.   While
not amplified to the same extent as the evidence on habeas review,
the trial testimony followed many of the same mitigating themes.
The jury, nonetheless, returned answers to Texas's special issues
requiring the imposition of a death sentence.

     Against that background, the court considered the evidence and
summarily denied Haynes' claim that trial counsel provided
deficient performance in the preparation and presentation of
evidence in the punishment phase. Haynes' recent arguments do not
provide a stronger basis for relief than those he made before the

-12-

court entered its earlier judgment. Actual prejudice does not exist for evidence that is "in the main cumulative" to that from trial. Banks v. Dretke, 540 U.S. 668, 700 (2004). While his habeas affidavits included information outside the mitigation theories presented at trial, not all that information was helpful to the defense. Even considering the totality of Haynes' new evidence, "courts must consider the totality of the evidence before the judge or jury." Berghuis v. Thompkins, ___ U.S. ___, 130 S. Ct. 2250, 2264 (2010). With the strong evidence against him, Haynes has not shown a "substantial likelihood that the same jury" would not have given him a death sentence absent trial counsel's alleged errors. Frady, 456 U.S. at 172. Having found that Haynes' claims lack merit, the court is disinclined to find that "actual prejudice" exists to overcome a procedural bar.

Accordingly, the court finds that because he has already received all the relief he has requested and has shown neither cause nor actual prejudice, his Rule 60(b)(6) motion is without merit.

## Certificate of Appealability

Should Haynes need a Certificate of Appealability for appellate review to proceed, the court sua sponte finds under the appropriate legal standards that he has made no showing that would require appellate consideration of his arguments. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

-13-

## Conclusion

For the reasons described above, the court **DENIES** Haynes'
Motion for Relief From Judgment Pursuant to Federal Rule of Civil
Procedure 60(b)(6) (Docket Entry No. 60) and his Motion for Stay of
Execution (Docket Entry No. 61).  No Certificate of Appealability
will issue in this case.

**SIGNED** at Houston, Texas, on this 3rd day of October, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-14-