IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY CARDELL HAYNES, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-05-3424 |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

In 2007 this court denied Anthony Cardell Haynes' ("Haynes") federal petition for a writ of habeas corpus challenging his Texas conviction and death sentence. The issue before the court is whether United States Supreme Court precedent requires the reopening of Haynes' federal habeas action for consideration of a procedurally barred ineffective-assistance-of-trial-counsel claim. (Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6) Motion"), Docket Entry No. 60) For the reasons provided below, the court finds that Haynes has not shown that he is entitled to relief from judgment.

**I.   Background**

In 1998 Haynes shot and killed off-duty Houston Police Department Officer Kent Kincaid. The State of Texas charged Haynes

with capital murder. A jury found him guilty. He received a death sentence. Haynes unsuccessfully availed himself of Texas state appellate and habeas review. Haynes filed a 456-page federal Petition for Writ of Habeas Corpus ("Petition") in 2005 (Docket Entry No. 1). Among the 23 claims in his Petition, some of which raised numerous subclaims, Haynes argued that trial counsel provided ineffective representation under Strickland v. Washington, 104 S. Ct. 2052 (1984), in the preparation and presentation of mitigating evidence. Haynes submitted numerous affidavits from individuals whom he wished trial counsel had called to testify in the penalty phase.

Haynes raised most of his claims for the first time in federal court, including his Strickland claim. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") precludes federal relief unless "the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). Haynes made two primary arguments relating to the procedural deficiencies in his Petition. First, Haynes asked the court to allow a return to state court to exhaust his claims under Rhines v. Weber, 125 S. Ct. 1528 (2005). Second, Haynes argued that he could overcome the procedural bar of his unexhausted claims by showing cause and actual prejudice under Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991). Haynes specifically argued that state habeas counsel's failure to advance his federal Strickland claim should allow for plenary review.

In 2007 this court entered a Memorandum Opinion and Order denying relief (Docket Entry No. 19). The court found that Haynes had not made a showing sufficient to authorize staying his federal action.[1] The court also relied on Fifth Circuit precedent and held that "ineffective assistance of habeas counsel cannot provide cause for a procedural default." (Docket Entry No. 19 at 18) (quotation and citations omitted) Thus, federal law barred this court from granting relief on Haynes' unexhausted claims.

In the alternative, the court reviewed the merits of the barred claims.[2] With special attention to his <u>Strickland</u> claim, the court summarized:

> Most of Haynes' unexhausted claims involve unresolved factual issues. Primarily, those claims attack trial counsel's efforts, but also charge the prosecution with misconduct. Haynes has apparently spent a significant amount of time developing the factual basis for these claims and has devoted a considerable portion of his already-lengthy petition on those issues. Without addressing the individual basis for each unexhausted, factually dependant claim, the court notes that none of his arguments facially command habeas relief.

---

[1] The court specifically denied his request for a <u>Rhines</u> stay for several reasons: Haynes waited until the case became ripe to ask for a stay; he could easily have exhausted his claims earlier; the state courts would find any successive habeas action an abuse of the writ, making a stay futile; and Haynes had not "made a compelling showing that, if presented to the state courts, his unexhausted claims would entitle him to habeas relief." (Docket Entry No. 19 at 15-16)

[2] "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

> Particularly, Haynes has taken great pains to develop evidence that he alleges trial counsel should have presented at trial. Yet, as noted by respondent, Haynes' argument is essentially "not that counsel's performance should have been *better*, rather, his argument is that counsel should have investigated and presented evidence at the punishment phase in a completely *different* manner." (Docket Entry No. 10 at 29) The record indicates that the defense counsel (as well as the prosecution and trial court) went to great lengths to ensure that Haynes' constitutional rights were protected and viable defenses pursued. Haynes' allegations do not show flagrant omissions by the players involved in his trial; rather, they merely demonstrate the exercise of strategy and typify the maxim that "the Constitution entitles a criminal defendant to a fair trial, not a perfect one." Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986). If the constraints of federal review did not command that Haynes first give the state courts an opportunity to adjudicate his claims of error, this court would still not issue a habeas writ.

(Docket Entry No. 19 at 21-22) As to his claims that were fully available for federal review, the court concluded that Haynes had not met the AEDPA's requirements for habeas relief.

Haynes unsuccessfully moved to alter or amend judgment under FED. R. CIV. P. 59(e). (Docket Entry Nos. 21, 22) Haynes then unsuccessfully pursued appellate relief.[3]

On the eve of a pending execution date, Haynes filed a Rule 60(b)(6) Motion in this court. (Docket Entry No. 60) Haynes

---

[3] Haynes' federal Petition asserted that the prosecution used its peremptory challenges in a racially discriminatory manner in violation of Batson v. Kentucky, 106 S. Ct. 1712 (1986). After granting a Certificate of Appealability on that ground, the Fifth Circuit reversed this court's denial of the Batson claim. See Haynes v. Quarterman, 561 F.3d 535 (5th Cir. 2009). Subsequent review in the United States Supreme Court, however, reinstated this court's judgment. Thaler v. Haynes, 130 S. Ct. 1171 (2010).

based his motion on the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012). The Martinez Court found that deficient performance by a state habeas attorney may amount to cause to forgive a procedural bar under some circumstances. The Martinez Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Martinez, 132 S. Ct. at 1320. Haynes argued his state habeas attorney's failure to raise the procedurally barred Strickland claim that he included in his federal Petition should provide an avenue for federal review.

The court provided four reasons for denying Haynes' Rule 60(b)(6) Motion. First, the court followed then-current Fifth Circuit precedent holding that Martinez did not apply to federal habeas cases arising from Texas convictions. Starting with Ibarra v. Thaler, 687 F.3d 222, 227 (5th Cir. 2012), the Fifth Circuit had issued a series of decisions distinguishing Texas's habeas review from that giving rise to the Martinez decision. See Foster v. Thaler, 2012 WL 4328336 (5th Cir. Sept. 21, 2012) (unpublished); Newbury v. Thaler, 2012 WL 3032718, at *1 (5th Cir. July 26, 2012) (unpublished); Ayestas v. Thaler, 2012 WL 2849487, at *1 (5th Cir. July 11, 2012) (unpublished); Gates v. Thaler, 2012 WL 2305855, at *6 (5th Cir. June 19, 2012) (unpublished).

-5-

Second, the court found that the advent of Martinez itself did not require reopening Haynes' case. The court relied on Adams v. Thaler, 679 F.3d 312, 320 (5th Cir. 2012), which held that "the Martinez decision is simply a change in decisional law and is 'not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6).'"

Third, the court observed that the prior Memorandum Opinion and Order "ha[d] already reviewed the merits of Haynes' Strickland claim in the alternative and found it to be without merit." (Docket Entry No. 62 at 10) The court stated that it "has already granted Haynes the relief he now requests: The court considered the merits of his barred claims. While Haynes may disagree with the earlier adjudication, the relief requested has already been granted." (Docket Entry No. 62 at 10)

Finally, the court observed that even under the Martinez framework Haynes could not overcome the procedural bar merely by showing that habeas counsel's representation provided "cause." Haynes would still need to show "actual prejudice." The court again reviewed Haynes' defaulted claim and, placing it into the context of trial, found that any deficiency caused by habeas counsel's not raising the unexhausted claim did not result in "actual prejudice." (Docket Entry No. 62 at 10-13)

The Fifth Circuit affirmed this court's denial of post-judgment relief, emphasizing that Martinez did not apply to cases arising from Texas courts. Haynes v. Thaler, 489 F. App'x 770 (5th

Cir. 2012). The Supreme Court stayed Haynes' execution. Haynes v. Thaler, 133 S. Ct. 498 (2012). Later that term the Supreme Court decided Trevino v. Thaler, 133 S. Ct. 1911 (2013), which held that Martinez does apply to Texas convictions. The Supreme Court later vacated the judgment in this case and remanded for further consideration in light of Trevino. Haynes v. Thaler, 133 S. Ct. 2764 (2013).[4]

On July 28, 2014, the Fifth Circuit entered an order remanding the case. See Haynes v. Stephens, 576 F. App'x 364 (5th Cir. 2014). In doing so, the Fifth Circuit declined to order a full merits review of Haynes' procedurally barred claim:

> A district court's discretion when considering Rule 60(b)(6) motions is "especially broad," Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1458 (5th Cir. 1992), and subject only to "limited and deferential appellate review," Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Accordingly, given our limited role in reviewing Rule 60(b)(6) orders, we return this case to the district court without

---

[4]This procedure -- granting the certiorari petition, vacating the judgment below, and remanding the case -- is often referred to by the acronym "GVR." See Greene v. Fisher, 132 S. Ct. 38, 45 (2011); Wellons v. Hall, 130 S. Ct. 727, 731 (2010). The Supreme Court issues a GVR "[w]here intervening developments . . . reveal a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration, and where it appears that such a redetermination may determine the ultimate outcome of the litigation . . . is . . . potentially appropriate." Lawrence v. Chater, 116 S. Ct. 604, 607 (1996). Yet, a GVR order is not a reversal on the merits, see Tyler v. Cain, 121 S. Ct. 2478, 2484 n.6 (2001), and "does not necessarily imply that the Supreme Court has in mind a different result in the case, nor does it suggest that [the circuit court's] prior decision was erroneous." In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation, 722 F.3d 838, 845 (6th Cir. 2013).

>   additional advisory instructions as to how to exercise
>   its discretion when considering whether Haynes meets the
>   prerequisites for obtaining relief under Rule 60(b)(6).
>   See, e.g., id. (setting out the standard for determining
>   whether Rule 60(b)(6) motions should be granted).

Id. at 365.

The parties have provided briefing after remand. (Docket Entry Nos. 82, 85, 88) The parties agree that the instant question is whether Martinez provides a basis to reopen judgment under FED. R. CIV. P. 60(b) to consider Haynes' claim that trial counsel provided ineffective representation during the punishment phase of trial. The recent briefing is sufficient to decide the matters before the court without additional legal argument or factual development.

## II. Discussion

Rule 60(b) allows for relief from judgment under six enumerated circumstances. Haynes specifically moved for relief from judgment under Rule 60(b)(6)'s "catchall provision . . . ." Solis v. Dretke, 436 F. App'x 303, 306 (5th Cir. 2011). Because the Fifth Circuit has "consistently held that relief under 60(b)(6) is mutually exclusive from relief under sections (1)-(5)," Hesling v. CSX Transportation, Inc., 396 F.3d 632, 643 (5th Cir. 2005), the court will limit its review to the circumstances allowing for relief from judgment under that section.

Rule 60(b)(6) strikes a balance "between the desideratum of finality and the demands of justice." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981). Rule 60(b)(6) is "an

-8-

extraordinary remedy" and "'[t]he desire for a judicial process that is predictable mandates caution in reopening judgments.'" Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir. 1998) (quoting Bailey v. Ryan Stevedoring Co., Inc., 894 F.2d 157, 160 (5th Cir. 1990)). Rule 60(b)(6) motions "will be granted only if extraordinary circumstances are present." Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002).

## A.   Fifth Circuit Precedent

As discussed above, the court previously relied on four factors to deny Haynes' Rule 60(b)(6) Motion. The Supreme Court subsequently overruled the Fifth Circuit's Ibarra precedent and held that Martinez applies to cases arising from the Texas courts. Therefore, the court's first reason for denying the Rule 60(b)(6) Motion is no longer valid. The court, however, relied on three other reasons for denying Haynes' Rule 60(b)(6) Motion. The briefing after remand has not undercut the other three reasons that independently required denial of post-judgment relief.[5]

---

[5]Generally, a district court evaluating a motion for relief from judgment considers the seven factors from Seven Elves, 635 F.2d at 396:  (1) final judgments should not lightly be disturbed; (2) a Rule 60(b) motion should not be used as a substitute for appeal; (3) the rule should be liberally construed in order to achieve substantial justice; (4) if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are (continued...)

B.  **Exceptional Circumstances**

The court's second reason for denying the Rule 60(b)(6) Motion was that "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment." Bailey v. Ryan Stevedoring Co., 894 F.2d 157, 160 (5th Cir. 1990) (citations omitted). Even in habeas cases, courts have found that the AEDPA's concerns for comity and finality override any interest in applying new decisional law through a Rule 60(b)(6) motion. See Gonzalez v. Crosby, 125 S. Ct. 2641, 2651-52 (2005); Hernandez v. Thaler, 630 F.3d 420, 430 (5th Cir. 2011); Hess, 281 F.3d at 216. The Supreme Court's decision in Trevino has not altered the Fifth Circuit's jurisprudence that Martinez was not a change in decisional law "that warrants relief under Rule 60(b)." Hall v. Stephens, 579 F. App'x 282, 283 (5th Cir. 2014); see also Buck, ___ F. App'x at

---

⁵(...continued)
intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. Id. at 402. The Fifth Circuit, however, has "declined to answer whether Seven Elves sets the standard for a Rule 60(b)(6) motion in habeas proceedings." Buck v. Stephens, ___ F. App'x ___, 2015 WL 4940823, at *4 (5th Cir. Aug. 20, 2015). In Diaz v. Stephens, 731 F.3d 370, 376 (5th Cir. 2013), the Fifth Circuit considered the Seven Elves factors and observed that the district court had rejected a portion of the inmate's Strickland claim; "the general expectation that final judgments will not be lightly overturned; the State's strong interest in the finality of Diaz's conviction and sentence; and the delay that will undoubtedly result from reopening this long-closed case" all would "weigh in favor of denying [the] Rule 60(b)(6) motion." 731 F.3d at 378. While Haynes argues that he defaulted a stronger Strickland claim than that in Diaz, this court would reach the same result as in that case if applying the Seven Elves factors.

___, 2015 WL 4940823, at *5; Pruett v. Stephens, 608 F. App'x 182, 185 (5th Cir.) cert. denied, 135 S. Ct. 1919 (2015); In re Paredes, 587 F. App'x 805, 825 (5th Cir. 2014); Diaz, 731 F.3d at 376. The Fifth Circuit has also characterized the Trevino decision as "hardly extraordinary." Id. While Haynes' briefing disagrees with the Fifth Circuit's holdings, this court is bound to follow precedent.

Haynes invites the court to look beyond the mere advent of the Martinez and Trevino decisions, arguing that the new law is not "the *sole* extraordinary circumstance" that would permit the reopening of his judgment. (Docket Entry No. 82 at 37) But Haynes does not clearly establish what distinguishes his post-judgment motion from those in which the Fifth Circuit found no extraordinary circumstance, other than to argue the merits of his underlying Strickland claim. The court has already considered the merits and found no basis for federal habeas relief. The arguments Haynes makes to warrant reopening the judgment are not exceptional, but common to cases in which a petitioner alleges ineffective assistance by a state habeas attorney. See Buck, ___ F. App'x at ___, 2015 WL 4940823, at *5.

C. **Review of the Merits**

The court's third reason for denying relief under Rule 60(b)(6) was that the merits of Haynes' Strickland claim did not entitle him to relief from judgment. Martinez and Trevino

-11-

provide no independent bases for federal habeas relief. Instead, those cases allow a court to reach the merits of an otherwise-barred claim. The court has twice reviewed the merits of Haynes' defaulted Strickland claim. The original Memorandum Opinion and Order rejected Haynes' arguments in the alternative. (Docket Entry No. 19 at 21-22)[6] The court again assessed the merits of Haynes' claim on the first round of Rule 60(b) review. (Docket Entry No. 62 at 10-13)

Haynes' Rule 60(b)(6) Motion disputed the depth of this court's alternative review and its conclusions. The court based its alternative holdings on a review of the record evidence, the post-conviction developments, and the applicable law. Haynes' Petition and briefing provided extensive discussion regarding his Strickland claim. Haynes based his claim on 39 affidavits and various records. Haynes now asks for additional factual development, but he has not shown that it would result in any information that would exceed the contours of that already before the court.

---

[6]In seeking a Certificate of Appealability from the court's original denial of relief, Haynes argued that the court "erred in . . . denying a COA and relief on . . . [his] ineffective assistance of counsel claims." Haynes v. Quarterman, No. 07-70004, Docket Entry No. 21 at 17. Without extensive discussion of the merits, the Fifth Circuit "denied [a COA] as to all issues except for Haynes's Batson claims . . . ." Haynes v. Quarterman, 526 F.3d 189, 202 (5th Cir. 2008). The Fifth Circuit, therefore, has already concluded that the merits of Haynes' Strickland claim do not require relief.

While Haynes may disagree with the extent to which the court evaluated the <u>Strickland</u> claim or its ultimate outcome, Rule 60(b)(6) relief is not available on the alternative merits review itself. Rule 60(b)(6) does not exist for claims of legal error or mistake. <u>McMillian v. MBank Fort Worth, N.A.</u>, 4 F.3d 362, 367 (5th Cir. 1993). Rule 60(b)(6) does not provide an avenue for relief because a movant disagrees with the court's reasoning or conclusions. An appeal, not a Rule 60(b)(6) motion, is the appropriate vehicle for reconsideration of a district court's judgment on the merits. See <u>Diaz</u>, 731 F.3d at 377-78.[7] Haynes may disagree with the extent to which the court discussed the <u>Strickland</u> claim or its ultimate outcome, but he has not shown any reason for this court to consider his <u>Strickland</u> claim for the third time. Haynes "has already received all the relief he has requested" because the court twice reviewed the merits of his barred claim. (Docket Entry No. 62 at 13)

D.  **Actual Prejudice**

The court's fourth reason for denying relief under Rule 60(b)(6) relied on the alternative merits review to find that Haynes did not show "actual prejudice" under the procedural-bar

---

[7]In fact, the Supreme Court has suggested that a Rule 60(b) motion attacking the district court's resolution of the merits is actually a successive habeas petition "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." <u>Gonzalez</u>, 125 S. Ct. at 2648.

doctrine. Under traditional habeas law a federal petitioner may overcome the default of his claims if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . . ." Coleman, 111 S. Ct. at 2565 (emphasis added). This requirement is not disjunctive; a petitioner must show both cause and actual prejudice to allow plenary review of the merits. See Martinez, 132 S. Ct. at 1321 (remanding because "the court did not address the question of prejudice"). Like claims of ineffective appellate representation, an inmate challenging his habeas attorney's efforts must presumably show that but for the deficient performance, the outcome of the habeas action would have been different. Cf. Amador v. Quarterman, 458 F.3d 397, 411 (5th Cir. 2006).

Even though Trevino opened the door for Haynes to argue that his state habeas representation could provide cause to overcome the procedural bar, Haynes' briefing only superficially addresses the question of actual prejudice. (Docket Entry No. 82 at 56) Haynes has not shown that had state habeas counsel raised the same claim as in his federal petition, a state court would have granted the habeas writ. Haynes has not provided any reason to question this court's earlier decision that he has not made a convincing argument to show actual prejudice that would overcome the procedural bar.

Regardless of the Martinez and Trevino decisions, Haynes has not shown that this court was incorrect in denying his

-14-

Rule 60(b)(6) Motion. The court, therefore, again concludes that Haynes' arguments do not warrant post-judgment relief.

### III.  Stay and Abeyance

Haynes argues that this court should stay federal proceedings to allow exhaustion of his Strickland claim. In Rhines the Supreme Court held that "a district court has discretion to stay a mixed petition . . . to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition." Day v. McDonough, 126 S. Ct. 1675, 1684 n.10 (2006). Under Rhines a district court possesses authority to stay a federal habeas case when a petitioner shows "good cause," has not "engaged in intentionally dilatory litigation tactics," and raises potentially meritorious claims. Rhines, 125 S. Ct. at 1535. Haynes again asks this court to authorize his return to state court to exhaust his Strickland claim.

When Haynes requested a stay during the initial proceedings, the court observed that "[s]everal factors persuade the court that a stay is not appropriate." (Docket Entry No. 19 at 12) The court found that Haynes had not been expeditious in seeking to exhaust his claims and that he did not demonstrate good cause to justify returning to state court. Importantly, the court found that "the exhaustion doctrine, including the stay-and-abeyance safety valve, is predicated on the availability of state court remedies."

-15-

(Docket Entry No. 19 at 14) Haynes has still not shown that a state avenue of relief remains open to him.

Texas strictly enforces its abuse-of-the-writ doctrine (codified at Tex. Code Crim. Pro. art. 11.071 § 5(a)) and generally prohibits the filing of successive habeas applications. While article 11.071 permits the filing of a successive state habeas application in three limited circumstances, Haynes does not establish that he meets these demanding requirements. See Hall v. Thaler, 504 F. App'x 269, 283-84 (5th Cir. 2012) (refusing to stay a case when the petitioner did not show that state remedies would be available).[8] Specifically, section 5(a)(1) of article 11.071 authorizes the filing of a successive application when the claims "have not been and could not have been presented previously . . . because the factual or legal basis for the claim was unavailable[.]" Haynes has not shown that the state courts would find that his defaulted Strickland claim was previously unavailable. In fact, Haynes faults his state habeas attorney for not raising this Strickland claim in his initial state habeas application, implicitly conceding its prior availability. See

---

[8] Sections 5(a)(2) and (3) of article 11.071 allow successive state review after a persuasive showing of actual innocence. See Ex parte Davis, 947 S.W.2d 216, 237 (Tex. Crim. App. 1996) (finding that "[t]he 'actual innocence' standard embodied in Subsections 5(a)(2) and 5(a)(3) mirrors that for bringing successive writ applications in federal habeas review of state convictions"). In the original Memorandum Opinion and Order the court has already found that Haynes has not "provide[d] a viable argument that he is actually innocent." (Docket Entry No. 19 at 15, n.4)

Ayestas v. Thaler, 462 F. App'x 474, 482 (5th Cir. 2012) (finding in the Rhines context that an inmate's ineffective-assistance-of-habeas-counsel argument was "a tacit admission that the claims he now seeks to exhaust could have been advanced in his previous state habeas proceeding"), rev'd on other grounds, 133 S. Ct. 2764 (2013).

Haynes argues that the alleged deficiencies in his state habeas counsel's representation would serve as an equitable basis to skirt Texas's limitations on successive habeas applications. The Texas Court of Criminal Appeals does not recognize equitable exceptions to the abuse-of-the-writ statute, even in the case of deficient habeas representation. Ex parte Graves, 70 S.W.3d 103, 111 (Tex. Crim. App. 2002). Although Haynes cobbles together statements from dissenting opinions to argue that the Court of Criminal Appeals may reconsider its jurisprudence, he has not shown that state review is currently open to him or that state law will change. See Ex parte Alvarez, No. 62,426-04, 2015 WL 1955072 (Tex. Crim. App. April 29, 2015) (implicitly refusing to overrule Graves). Moreover, for the reasons discussed above, Haynes' failure to meet the Martinez requirements or substantively prove entitlement to relief weighs against any stay of these proceedings. See Rhines, 125 S. Ct. at 1535 (authorizing a stay only when a claim is "potentially meritorious").[9]

---

[9]In addition, the court initially found that a stay was not appropriate because Haynes had waited until late in the adjudicative process to ask for a return to state court. (Docket (continued...)

-17-

Haynes has not shown that staying this case would cure the procedural defects that prevent federal review. Instead, pausing the federal action at this late date would "frustrate[] AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "also undermine[] AEDPA's goal of streamlining federal habeas proceedings[.]" Rhines, 125 S. Ct. at 1534. The court **DENIES** Haynes' request to stay and abate this action.

## IV. Certificate of Appealability

No appeal from this court's decision can proceed unless Haynes receives a Certificate of Appealability. Since Haynes' conviction in 1999, courts have repeatedly considered constitutional claims. Haynes invoked federal jurisdiction over a decade ago. During the several years that have passed since this court decided the merits of Haynes' Strickland claim, appellate courts have repeatedly considered various issues. The court is confident in its conclusion that Haynes is not entitled to relief under Rule 60(b)(6). Nevertheless, recognizing the "AEDPA's acknowledged

---

[9](...continued)
Entry No. 19 at 11) Haynes argues that "[n]o such delay exists" now because he requested a stay soon after the instant remand. (Docket Entry No. 82 at 53) Haynes' argument, however, only highlights that a stay is appropriate early in the habeas process, not years later and after protracted litigation. The court also observes that Haynes could have filed a successive state habeas application after the Supreme Court denied certiorari review from his initial federal litigation and before filing his eve-of-execution motion.

purpose" to "reduc[e] delays in the execution of state and federal criminal sentences[,]" Ryan v. Valencia Gonzales, 133 S. Ct. 696, 709 (2013) (quotation omitted), and in an effort to expedite appellate consideration of this case, the court sua sponte finds that "the issues presented [are] adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 123 S. Ct. 1029, 1034 (2003); see also 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). The court, therefore, will issue a COA on the issue of whether Haynes has shown that Rule 60(b)(6) relief is warranted in this case.

## V. Conclusion and Order

For the reasons described above, Haynes' Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Docket Entry No. 60) is again **DENIED**. A Certificate of Appealability **WILL ISSUE** in this case.

**SIGNED** at Houston, Texas, on this 14th day of October, 2015.

    _____
            SIM LAKE
    UNITED STATES DISTRICT JUDGE